UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| vs. | CLASS ACTION |
| HEALTHWAYS INC., et al., | Judge Todd J. Campbell<br>Magistrate Judge Juliet Griffin |
| Defendants. | CENTRAL LABORERS' PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ......................................................................................2

III. ARGUMENT ..........................................................................................................3

    A. Courts Have Routinely Granted Intervention Under Nearly Identical Circumstances Where Intervention Will Protect the Interests of the Class ............3

    B. Central Laborers Is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a)(2) .........................................................................................................4

        1. Central Laborers' Motion Is Timely .........................................................5

        2. Central Laborers Has a Direct and Substantial Legal Interest in the Case ..........................................................................................................6

        3. Without Intervention, Central Laborers' Substantial Legal Interest in This Litigation Would Be Impaired .........................................................7

        4. The Current Plaintiffs May Provide Inadequate Representation for Central Laborers' Rights ...........................................................................8

    C. In the Alternative, Central Laborers Should Be Granted a Permissive Intervention ................................................................................................9

        1. Central Laborers' Claims Raise Common Questions of Law and Fact .........................................................................................................10

        2. None of the Parties Will Be Unduly Prejudiced .........................................12

IV. CONCLUSION......................................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

*Ardrey v. Fed. Kemper Ins. Co.*,
142 F.R.D. 105 (E.D. Pa. 1992)........................................................................................4

*Birmingham Steel Corp. v. TVA*,
353 F.3d 1331 (11th Cir. 2003) ........................................................................................8

*Bradley v. Milliken*,
828 F.2d 1186 (6th Cir. 1987) ........................................................................................12

*Davis v. Smith*,
431 F. Supp. 1206 (S.D.N.Y 1977),
*affd*, 607 F.2d 535 (2d Cir. 1978) ..................................................................................12

*Davis v. Southern Bell Tel. & Tel. Co.*,
149 F.R.D. 666 (S.D. Fla. 1993)......................................................................................11

*Degge v. City of Boulder*,
336 F.2d 220 (10th Cir. 1964) ........................................................................................12

*Demeulanaere v. Rockwell Mfg. Co.*,
23 F.R.D. 689 (S.D.N.Y. 1957) ......................................................................................12

*Deutschman v. Beneficial Corp.*,
132 F.R.D. 359 (D. Del. 1990) ........................................................................................11

*Epstein v. Weiss*,
50 F.R.D. 387 (E.D. La. 1970)..............................................................................10, 11, 12

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) ......................................................................................1

*Grubbs v. Norris*,
870 F.2d 343 (6th Cir. 1989) ............................................................................................5

*Grutter v. Bollinger*,
188 F.3d 394 (6th Cir. 1999) ....................................................................................6, 7, 8

*In re AEP ERISA Litig.*,
No. 2:03-cv-67, 2009 U.S. Dist. LEXIS 22568
( S.D. Ohio Mar. 6, 2009) ................................................................................................3

*In re Bridgestone Sec. Litig.*,
430 F. Supp. 2d 728 (M.D. Tenn. 2006)....................................................................5, 6, 8

*Ind. Ins. Co. v. Midwest Maint.*,
Case No. C-3-99-351, 2000 U.S. Dist. LEXIS 6450
(S.D. Ohio Jan. 7, 2000) ......................................................................................7, 8

*Jochims v. Izusu Motors, Ltd.*,
148 F.R.D. 624, *modified on other grounds*,
151 F.R.D. 338 (S.D. Iowa 1993) ..................................................................................4

*Jordan v. Mich. Conf. of Teamsters Welfare Fund*,
207 F.3d 854 (6th Cir. 2000) ........................................................................................5

*Linton v. Comm'r of Health & Env't*,
973 F. 2d 1311 (6th Cir. 1992) .......................................................................................8

*Martin v. Corr. Corp. of Am.*,
231 F.R.D. 532 (W.D. Tenn. 2005) ........................................................................4, 5, 6

*McCausland v. S'holders Mgmt. Co.*,
52 F.R.D. 521 (S.D.N.Y. 1971) .......................................................................3, 5, 10

*McKay v. Heyison*,
614 F.2d 899 (3rd Cir. 1980) ........................................................................................11

*Meyer Goldberg, Inc. v. Fisher Foods, Inc.*,
823 F.2d 159 (6th Cir. 1987) ........................................................................................11

*Mich. State AFL-CIO v. Miller*,
103 F.3d 1240 (6th Cir. 1997) .............................................................................. *passim*

*Moe v. Dinkins*,
533 F. Supp 623 (S.D.N.Y. 1981),
*affd*, 669 F.2d 67 (2d Cir. 1982) ................................................................................12

*Morocco v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
No. 2:03-CV-523, 2003 U.S. Dist. LEXIS 17918
(S.D. Ohio Oct. 9, 2003) .................................................................................................9

*NAACP v. New York*,
413 U.S. 345 (1973)..........................................................................................................5

*Purnell v. City of Akron*,
925 F.2d 941 (6th Cir. 1991) .............................................................................4, 6, 7, 12

*Shields v. Smith*,
No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718
(N.D. Cal. Aug. 19, 1992)................................................................................................3

*Shields v. Wash. Bancorporation*,
No. 90-1101 (RCL), 1992 U.S. Dist. LEXIS 4177
(D.D.C. Apr. 7, 1992) ................................................................................3, 4

*Stupak-Thrall v. Glickman*,
226 F.3d 467 (6th Cir. 2000) ...............................................................4

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972).............................................................................8

*Triax Co. v. TRW, Inc.*,
724 F.2d 1224 (6th Cir. 1984) ............................................................8

*United States Steel Corp. v. Multistate Tax Comm'n*,
No. 72 Civ. 3438 (CHT), 1974 U.S. Dist. LEXIS 12396
(S.D.N.Y. Feb. 5, 1974) .......................................................................3

*United States v. Marsten Apts.*,
175 F.R.D. 265 (E.D. Mich. 1993) .............................................4, 5, 6

*United States v. Mich.*,
424 F.3d 438 (6th Cir. 2005) .............................................................11

*Weisman v. Darneille*,
89 F.R.D. 47 (S.D.N.Y. 1980) ...........................................................13

*Westlands Water Dist. v. United States*,
700 F.2d 561 (9th Cir. 1983) ..............................................................5

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
Ryle 23 ................................................................................1, 3 4, 11
Rule 23(a)......................................................................................11
Rule 23(d)(1)(B)(iii) .......................................................................4
Rule 24 .................................................................................. *passim*
Rule 24(a).....................................................................................5, 7
Rule 24(a)(2) .............................................................................1, 2, 4
Rule 24(b) ..............................................................................9, 11, 12
Rule 24(b)(1)(B) ........................................................................9, 10
Rule 24(b)(2).............................................................................1, 2, 10
Rule 24(b)(3)...............................................................................9, 12

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369 (1995),
   *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ...........................................................................1

S. Rep. No. 104-98 (1995),
   *reprinted in* 1995 U.S.C.C.A.N. 679, 690 .........................................................................1

**SECONDARY AUTHORITIES**

5 A. Conte & H. Newberg,
   *Newberg on Class Actions* (4th ed. 2002)
   §16:8  ...............................................................................................................................11
   §16:11  ..............................................................................................................................1

6 James Wm. Moore,
   *Moore's Federal Practice* (3d ed. 2005)
   §24.11..............................................................................................................................10
   §24.21 ...............................................................................................................................5

C. Wright, A. Miller & M. Kane,
   *Federal Practice & Procedure* (1986)
   §1904................................................................................................................................5

# I.    INTRODUCTION

Central Laborers' Pension Fund ("Central Laborers" or "Intervenor") respectfully requests leave to intervene as of right as a named plaintiff in this action under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, pursuant to the permissive intervention provided under Rule 24(b)(2).[1]  Central Laborers, a multi-employer pension fund, is precisely the sort of institutional investor that Congress envisioned would actively participate as a plaintiff in the prosecution of federal securities class action claims.  *See* H.R. Conf. Rep. No. 104-369, at 33-34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98 at 12, 13 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996). Moreover, "[i]ntervention is liberally allowed after the denial of class status for the protection of absent class members' interests." 5 A. Conte & H. Newberg, *Newburg on Class Actions* §16:11 (4th ed. 2002).  Here, Central Laborers satisfies the requirements to intervene, and its intervention would ensure that all valid claims are prosecuted fully.  Moreover, the addition of Central Laborers as a named plaintiff is clearly in the best interests of the class.

Central Laborers purchased a significant number of shares of Healthways' stock during the Class Period[2] – shares that were trading at artificially inflated prices because of defendants'[3] fraudulent conduct as alleged in the Complaint.  Plaintiffs seek damages arising from losses

---

[1]    Central Laborers is also moving to be appointed a class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Stemming from purchases of Healthways, Inc. ("Healthways" or the "Company") securities during the period from September 18, 2007 to July 28, 2008, Central Laborers suffered a loss of $178,181.75.  *See* Ex. 1 to the Declaration of Dan Koeppel in Support of Central Laborers' Motion to Intervene and Motion for Class Certification ("Koeppel Decl."), filed concurrently herewith.

[2]    The Class Period in the Healthways litigation is from July 5, 2007 through August 25, 2008.

[3]    Defendants in the Healthways litigation are the Company, Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor.

sustained because of defendants' violations of the federal securities laws. Central Laborers has a substantial interest in the subject matter and success of this action. Just as other named plaintiffs, Central Laborers seeks damages arising from losses sustained because of defendants' fraudulent conduct. Central Laborers has now stepped forward and is willing and able to intervene in this action as a named plaintiff to actively participate in and represent and protect the interests of the class.[4]

## II.    STATEMENT OF FACTS

This action is brought on behalf of a class consisting of persons who purchased Healthways' common stock between July 5, 2007 and August 25, 2008. Central Laborers, like other class members, seeks to recover damages resulting from its purchases of Healthways' securities during the Class Period.

Established in 1966, Central Laborers is a multi-employer pension fund based in Jacksonville, Illinois, that serves the interests of active and retired laborers. Central Laborers currently benefits over 5,000 individuals who receive over $73 million in pension benefits each year. During the Class Period, Central Laborers purchased 9,645 shares of Healthways' stock at a total purchase cost of $379,919.32, and has suffered economic losses as a consequence thereof in the amount of $178,181.75. *See* Koeppel Decl., at Ex. 1.

---

[4]     As more fully shown below, Central Laborers meets the requirements to intervene as of right under Rule 24(a)(2), or, in the alternative, under the provisions for permissive intervention in Rule 24(b)(2).

## III.    ARGUMENT

### A.    Courts Have Routinely Granted Intervention Under Nearly Identical Circumstances Where Intervention Will Protect the Interests of the Class

Central Laborers is willing and eligible to serve as a named plaintiff based on its purchases of Healthways' securities during the Class Period. Central Laborers has adopted the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") filed on September 22, 2008 in its entirety. As a result, "[n]o doubt exists as to the precise and detailed nature of the intervenors' claim . . . ." *McCausland v. S'holders Mgmt. Co.*, 52 F.R.D. 521, 524 (S.D.N.Y. 1971); *see also United States Steel Corp. v. Multistate Tax Comm'n*, No. 72 Civ. 3438 (CHT), 1974 U.S. Dist. LEXIS 12396, at *7 (S.D.N.Y. Feb. 5, 1974) (original plaintiffs' complaint adopted in its entirety).

Central Laborers is also moving to be appointed as a class representative, as its claims are typical of other class members and it otherwise satisfies the provisions of Rule 23 of the Federal Rules of Civil Procedure. With the intervention of Central Laborers as a named plaintiff, claims based on Healthways' securities fraud will be assured of moving forward. Importantly, "[i]t is no impediment to the granting of a motion to intervene that it was prompted by the intervenors' desire to remedy infirmities in the legal position of the original plaintiff. To the contrary, . . . such a motive supports the granting of the motion." *McCausland*, 52 F.R.D. at 522. Courts within this, and other circuits have recognized, "when there is an inadequate class representative but not a definitive determination of the inappropriateness of class certification, intervention is permissible." *In re AEP ERISA Litig.*, No. 2:03-cv-67, 2009 U.S. Dist. LEXIS 22568, at *16 ( S.D. Ohio Mar. 6, 2009); *see also Shields v. Smith*, No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718, at *7-*8 (N.D. Cal. Aug. 19, 1992) (allowing intervenor to serve as class representative when the initial denial of class certification was based solely on the inadequacy of the original putative class representative). Similarly, in *Shields v. Wash. Bancorporation*, No. 90-1101 (RCL), 1992 U.S. Dist. LEXIS 4177

(D.D.C. Apr. 7, 1992), the court granted permission for a class member to intervene after certification was initially denied because the original class representative was found to be inadequate, because such a denial was not based on a "'definitive determination of the inappropriateness of class certification.'" *Id*. at *7 (citation omitted). Under Federal Rule of Civil Procedure 23, unnamed class members are permitted "to intervene and present claims or defenses, or otherwise to come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii); *see also Ardrey v. Fed. Kemper Ins. Co.*, 142 F.R.D. 105, 116 (E.D. Pa. 1992). The intervention of Central Laborers to pursue class members' claims against Healthways will ensure adequate representation of the class' interests and comports with notions of judicial economy. As such, Central Laborers' motion to intervene should be granted.

## B. Central Laborers Is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a)(2)

Rule 24(a)(2) allows intervention as of right when (1) the motion is timely, (2) the intervenor has a substantial legal interest in the case, (3) the intervenor's legitimate interest will be impaired if not permitted to intervene, and (4) the current class representative cannot adequately represent the intervenor's interest. *See* Fed. R. Civ. P. 24(a)(2); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). In the Sixth Circuit, "Courts construe the rule liberally and in favor of the proposed intervenor." *Martin v. Corr. Corp. of Am.*, 231 F.R.D. 532, 535 (W.D. Tenn. 2005); *see also United States v. Marsten Apts.*, 175 F.R.D. 265, 267 (E.D. Mich. 1993); *Jochims v. Izusu Motors, Ltd.*, 148 F.R.D. 624, 626, *modified on other grounds*, 151 F.R.D. 338 (S.D. Iowa 1993); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000); *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) ("Rule 24 is broadly construed in favor of potential intervenors."). Moreover, in the context of intervention, "[i]t is in the public interest, as well as in the interest of the members of the class, that a suit if otherwise meritorious which seeks to enforce the Securities Laws

should not be permitted to fail solely because of defenses which are personal to the original plaintiff." *McCausland*, 52 F.R.D. at 524.

## 1. Central Laborers' Motion Is Timely

Under Rule 24, the determination of timeliness is left to the sound discretion of the court. *See Martin*, 231 F.R.D. at 536; *Miller*, 103 F.3d at 1245; *NAACP v. New York*, 413 U.S. 345, 366 (1973); 6 James Wm. Moore, *Moore's Federal Practice* §24.21 (3d ed. 2005). Notably, the "timeliness" element is construed ***broadly in favor of the party seeking intervention***. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (adopting Ninth Circuit's more liberal standard of review in Rule 24(a) cases); *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983); 7C C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* §1904 (1986).

The Sixth Circuit applies a five-factor test to assess the timeliness of a motion to intervene "'in the context of all relevant circumstances.'" *Marsten*, 175 F.R.D. at 267 (citation omitted); *see also Martin*, 231 F.R.D. at 536. The factors to be considered are:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) prejudice to original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) existence of unusual circumstances militating against or in favor of intervention.

*Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000).

Here, all the elements relating to "timeliness" favor intervention. First, prior to the Court's denial of Lead Plaintiff's Motion for Class Certification on October 5, 2009, Central Laborers did not have reason to intervene in this litigation, as it believed that West Palm Beach Firefighters' Pension Fund ("West Palm Beach Firefighters"), another institutional investor, could adequately represent Central Laborers' interests. In *In re Bridgestone Sec. Litig.*, 430 F. Supp. 2d 728 (M.D. Tenn. 2006), Judge Echols granted an institutional investor's motion to intervene in a similar situation, stating: "Although [intervenor] undoubtedly knew about the pendency of this action from

its inception, the necessity of [intervenor's] requested intervention as a party plaintiff did not arise until after the Sixth Circuit issued its opinion. At that point, [intervenor] realized the only other institutional investor in the case, City of Monroe, could no longer represent the interests of [intervenor] and other institutional investors." *Id*. at 740. Here, Central Laborers' motion to intervene could not have been more timely given the circumstances as it was filed within 15 days of learning that its interests were no longer protected in this litigation by West Palm Beach Firefighters. Second, because the discovery cut-off and trial date in this case will not need to be altered as a result of the intervention, the schedule in this litigation need not be delayed if Central Laborers is permitted to intervene. Lastly, given that the claims of plaintiffs such as Central Laborers have already been held actionable by this Court, defendants can hardly contend that they would be unfairly prejudiced by Central Laborers' intervention and continued prosecution of claims on behalf of the class.[5] Moreover, any prejudice or delay that might result is outweighed by Central Laborers' and the class' interest in the resolution of their claims. Further, Central Laborers will work cooperatively with the existing court appointed plaintiffs' lead counsel as lead counsel also represents Central Laborers.

### 2. Central Laborers Has a Direct and Substantial Legal Interest in the Case

Rule 24 only requires that the intervenor claim an interest "relating" to the subject property or transaction, and the Sixth Circuit "has endorsed an expansive notion of the interest which satisfies the second element of intervention as of right." *Martin*, 231 F.R.D. at 536. Thus, an interest relating to the subject property has been interpreted to allow intervention by parties even without the standing required to initiate a lawsuit. *See Miller*, 103 F.3d at 1245; *Purnell*, 925 F.2d at 948; *Grutter v. Bollinger*, 188 F.3d 394, 398-99 (6th Cir. 1999). In the Sixth Circuit, "'[t]he inquiry into

---

[5]     Nor is the fact that defendants may need to take additional discovery "unfairly prejudicial," as the Sixth Circuit has found this argument to be "insufficient." *See Marsten*, 175 F.R.D. at 268.

the substantiality of the claimed interest is necessarily fact-specific.'" *Grutter*, 188 F.3d at 398 (citation omitted).

Central Laborers purchased a significant number of Healthways shares within the time period found actionable by the Court. Because the price of such shares was artificially inflated by defendants' fraudulent conduct, Central Laborers sustained substantial financial losses by virtue of defendants' violations of the federal securities laws.[6] As a member of the class, Central Laborers holds a definite interest in the prosecution and outcome of this litigation. As with West Palm Beach Firefighters and the rest of the class, Central Laborers seeks damages arising from losses sustained as a result of defendants' false and misleading statements. That financial interest clearly qualifies under the requirements of Rule 24 by the Sixth Circuit's expansive standard.

### 3. Without Intervention, Central Laborers' Substantial Legal Interest in This Litigation Would Be Impaired

It is well-established in the Sixth Circuit that "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied" – a burden the Sixth Circuit labels "minimal." *Miller*, 103 F.3d at 1247; *see also Purnell*, 925 F.2d at 948 (finding language of Rule 24(a) itself only requires a showing that the disposition may impair the intervenor's interest); *Grutter*, 188 F.3d at 399; *Ind. Ins. Co. v. Midwest Maint.*, Case No. C-3-99-351, 2000 U.S. Dist. LEXIS 6450, at *9 (S.D. Ohio Jan. 7, 2000).

Given the Court's order denying Lead Plaintiff's Motion for Class Certification, this litigation will likely be unable to continue as a class action unless a new class representative is appointed. In short, not allowing Central Laborers to intervene would effectively terminate this litigation, which would hinder Central Laborers in its effort to recover damages for the losses it has

---

[6]    *See* Exs. 1 and 2 to the Koeppel Decl., detailing Central Laborers' economic loss of $178,181.75 during the Class Period.

suffered as a result of defendants' conduct. Nor is the argument that Central Laborers can protect its interest by filing its own individual action persuasive, as courts have concluded that "requiring individual parties to file separate lawsuits while a potential class action is pending would unnecessarily multiply litigation, lead to potentially different results and defeat the purpose of class action lawsuits." *Bridgestone*, 430 F. Supp. 2d at 739; *see also Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003) (the fact that the class members "could still litigate their actions individually" was an "insufficient basis for refusing to allow class counsel time to locate an appropriate substitute representative"). In addition, concerns of judicial economy and swift resolution of disputes dictate that the interest of Central Laborers as a class member with viable claims should be adjudicated in this lawsuit.

### 4. The Current Plaintiffs May Provide Inadequate Representation for Central Laborers' Rights

While the Sixth Circuit places upon an intervenor the burden of establishing that its interest is inadequately protected by existing parties to the action, it has also established that "this burden 'is *minimal* because it is sufficient that the movant[] prove that representation *may be* inadequate.'" *Miller*, 103 F.3d at 1247 (quoting *Linton v. Comm'r of Health & Env't*, 973 F. 2d 1311, 1319 (6th Cir. 1992) (emphasis added)); *see also Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984) (noting that the Supreme Court has deemed this burden "minimal" in *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *Midwest*, 2000 U.S. Dist. LEXIS 6450, at * 12. The test is not therefore, whether representation is in fact inadequate, but rather, "'it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments.'" *Grutter*, 188 F.3d at 400 (quoting *Miller*, 103 F.3d at 1247).

In fact, this is precisely the sort of application that the Advisory Committee to the Federal Rules of Civil Procedure envisioned for Rule 24:

> A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him . . . . Rather he should, as a general rule, be entitled to intervene in the action.

Fed. R. Civ. P. 24 advisory committee's note (1996).

Here, the issue is not merely one of disagreement over litigation strategy or the mere possibility that Lead Plaintiff may prove to be inadequate in the future; but rather, by virtue of the Court's order denying Lead Plaintiff's Motion for Class Certification, Lead Plaintiff West Palm Beach Firefighters is currently unable to serve as the class representative. Consequently, Lead Plaintiff West Palm Beach Firefighters can no longer pursue the interests of class members such as Central Laborers. Moreover, given defendants' attacks on the adequacy and typicality of West Palm Beach Firefighters, they should not be heard to object to Central Laborers' request to intervene in order to cure those alleged infirmities so that this case may now proceed unabated to a resolution.

### C.    In the Alternative, Central Laborers Should Be Granted a Permissive Intervention

Rule 24 also provides for permissive intervention "[o]n timely motions" when "a common question of law or fact" exists. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).[7] In the Sixth Circuit, "[s]o long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors" are left to the sound discretion of the court. *Miller*, 103 F.3d at 1248. *See also Morocco v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:03-CV-523, 2003 U.S. Dist. LEXIS 17918, at *9 (S.D. Ohio Oct. 9, 2003) (emphasizing that "permissive intervention under Rule 24(b) is to be liberally granted, so as to

---

[7]    As set forth *supra,* Central Laborers has duly met the requirement of timeliness.

promote the convenient and prompt disposition of all claims in one litigation"). This is precisely the kind of scenario for which permissive intervention was created, as one court has noted: "'The most obvious case for permissive intervention, of course, is the situation where the intervener [sic] has a claim against the defendant similar to or identical with that asserted by the plaintiff.'" *McCausland*, 52 F.R.D. at 523 (citation omitted).

Again, as a class member, Central Laborers' claims are identical to those brought by Lead Plaintiff West Palm Beach Firefighters on behalf of the Class. Central Laborers has adopted the Complaint in its entirety, and only the date of Central Laborers' purchases of Healthways securities and the lack of the potential unique defense discussed in the Court's October 5, 2009 Memorandum & Order ("October 5, 2009 Order") (Docket No. 136) denying class certification differentiate it from Lead Plaintiff. There is an existing suit into which the intervenor can be admitted, and there is legal authority supporting the Court's right to permit such intervention. Adding Central Laborers makes the class representation stronger and serves to protect class members, especially because Central Laborers is committed to working with plaintiffs' lead counsel to prosecute the case, and is, in fact, represented by the same counsel. Central Laborers will work with Lead Plaintiff for the benefit of the entire class.

### 1. Central Laborers' Claims Raise Common Questions of Law and Fact

Under the second prong of permissive intervention under Rule 24, intervention is permissible where "a common question of law or fact" exists. Fed. R. Civ. P. 24(b)(1)(B); *see Epstein v. Weiss*, 50 F.R.D. 387, 395 (E.D. La. 1970) ("Intervention is sanctioned by Rule 24(b)(2) of the Federal Rules which provides that any person may be permitted to intervene if his claim and the main action have a common question of law and fact."); Moore, *supra* §24.11 ("The phrase 'common question of law or fact' should be given its plain meaning and read in the disjunctive. A showing of either a question of law or a question of fact in common between the main action and movant's claim or

defense is all that is needed to vest judicial discretion to grant permissive intervention."); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987) (noting that Rule 24(b) does not require a "stringent showing" of a strong nexus of common fact or law); *United States v. Mich.*, 424 F.3d 438 (6th Cir. 2005) (noting that intervenor must only allege "at least one common question of law or fact").

Here, there is no dispute about whether commonality exists, as the Court, in its order denying class certification, has already held that commonality exists. October 5, 2009 Order at 4 ("The Court finds that the Fund has carried its burden of establishing commonality under Rule 23(a)."). Moreover, because Central Laborers seeks to intervene as an additional named plaintiff in a class action, the test for a common question of law or fact is easily met. *See Davis v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 670 (S.D. Fla. 1993) ("As an additional class representative, [intervenor] will assert the same claims as those of the existing Plaintiffs. Accordingly, the same questions of law and fact will arise with respect to both the claims of [intervenor] and those of Plaintiffs."); *Epstein*, 50 F.R.D. at 395 ("It is apparent from reading Rule 23 that the right to intervene in a class action is available."); *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990) (finding that as a class member, "there is no question that [intervenor's] claim has a question of law or fact in common with the claims of the class"); *McKay v. Heyison*, 614 F.2d 899, 907 (3rd Cir. 1980); 5 A. Conte & H. Newberg, *Newberg on Class Actions* §16:8 (4th ed. 2002) (permissive intervention may be granted to bolster class representation). Given that there are no additional issues presented to the case by Central Laborers' intervention, that Central Laborers' claims are virtually identical to class claims, that the Court has already found commonality to exist, and that the intervention of Central Laborers will strengthen the adequacy of class representation, intervention could hardly be more appropriate.

## 2.      None of the Parties Will Be Unduly Prejudiced

In determining whether permissive intervention should be granted, a court must consider its effects on the rights of the original parties.  Fed. R. Civ. P. 24(b)(3); *Bradley v. Milliken*, 828 F.2d 1186, 1193-94 (6th Cir. 1987); *see also Degge v. City of Boulder*, 336 F.2d 220, 222 (10th Cir. 1964).  Where an intervenor is represented by the same counsel as the original plaintiff, is asking for the same form of relief, and alleges common questions of law or fact, no prejudice results from permitting intervention.  *See Davis v. Smith*, 431 F. Supp. 1206, 1209 (S.D.N.Y 1977), *affd*, 607 F.2d 535 (2d Cir. 1978) ("The proposed intervenors are represented by the same counsel as the plaintiffs already in this action, and their participation facilitates the effective adjudication of the legal issues in dispute."); *Demeulanaere v. Rockwell Mfg. Co.*, 23 F.R.D. 689, 690 (S.D.N.Y. 1957). Here, Central Laborers is represented by lead counsel, Coughlin Stoia Geller Rudman & Robbins LLP, and intervention will not result in any delay, prejudice the rights of the original parties or impede the orderly processes of the Court.  Because Central Laborers is an unnamed class member, its interests are aligned with the remaining class members.  *See Purnell*, 925 F.2d at 951.

Furthermore, preventing Central Laborers' intervention would not serve the interests of the Court or other parties.  It would merely serve to eliminate the ability of Central Laborers and other class members to pursue claims that the Court has already found actionable.  Indeed, preventing Central Laborers' intervention would likely work a disservice to the parties because it would leave them without adequate representation.  Defendants cannot argue that any undue prejudice would result if the Court grants Central Laborers' intervention.  *See Moe v. Dinkins*, 533 F. Supp 623, 626 (S.D.N.Y. 1981), *affd*, 669 F.2d 67 (2d Cir. 1982) (granting plaintiffs motion to intervene as additional plaintiffs and class representatives pursuant to Rule 24(b) where intervention added to the representativeness of the name class members); *see also Epstein*, 50 F.R.D. at 395 (permitting plaintiff to intervene under Rule 24(b) because complaint was substantially the same as original

plaintiffs'; request for relief was identical to original plaintiffs'; and representation was same). Intervention here will likewise allow the rights of the class to be adequately represented.

Central Laborers raises questions of law and fact virtually identical to those raised by Lead Plaintiff and plaintiff Beach, and requests the same relief. Central Laborers will work cooperatively for the benefit of the class. Under these circumstances, the existing parties cannot be prejudiced by intervention. *See Weisman v. Darneille*, 89 F.R.D. 47 (S.D.N.Y. 1980) (because there was no prejudice to the existing parties, considerations of judicial economy compelled the court to exercise its discretion and allow intervention).

## IV.    CONCLUSION

For the foregoing reasons, Central Laborers respectfully requests that its motion to intervene be granted.

DATED:  October 20, 2009                    Respectfully submitted,

                                            COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            THOMAS E. EGLER
                                            SCOTT H. SAHAM
                                            JESSICA T. SHINNEFIELD
                                            JENNIFER Y. LAI
                                            MATTHEW I. ALPERT


                                            _____
                                                 s/ SCOTT H. SAHAM
                                                 SCOTT H. SAHAM

                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)
                                            tome@csgrr.com
                                            scotts@csgrr.com
                                            jshinnefield@csgrr.com
                                            jlai@csgrr.com
                                            malpert@csgrr.com

                                            Lead Counsel for Plaintiffs

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT
DOUGLAS S. JOHNSTON, JR.
TIMOTHY L. MILES
217 Second Avenue North
Nashville TN 37201
Telephone: 615-244-2202
615-252-3798 (fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Liaison Counsel

DYER & BERENS LLP
JEFFREY A. BERENS
ROBERT J. DYER III
682 Grant Street
Denver, Colorado 80203
Telephone: (303) 861-1764
(303) 395-0393 (fax)
jeff@dyerberens.com
bob@dyerberens.com

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
MARSHALL DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Plaintiffs

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Attorneys for Intervenor Plaintiff Central
Laborers Pension Fund

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 20th day of October, 2009, the foregoing CENTRAL LABORERS' PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**George Edward Barrett**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
lbrock@barrettjohnston.com

**Jeffrey A. Berens**
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-1764
303/861-1764
303/395-0393(Fax)
jeff@dyerberens.com

**Paul Kent Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215-0734
615/248-2828
615/254-4116(Fax)
pknashlaw@aol.com

**Robert P. Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215-0734
615/248-2828
615/254-4116(Fax)
robert@bramlettlawoffices.com

**Marshall Dees**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mdees@holzerlaw.com

**Wallace Wordsworth Dietz**
Bass, Berry & Sims, PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238-2700
615/742-6200
615/742-6293(Fax)
wdietz@bassberry.com

**Robert J. Dyer , III**
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-1764
303/861-1764
303/395-0393(Fax)
bob@dyerberens.com

**Thomas E. Egler**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
tegler@csgrr.com

**Michael I. Fistel , Jr.**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mfistel@holzerlaw.com

**Corey D. Holzer**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
cholzer@holzerlaw.com

**Susan E. Hurd**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
susan.hurd@alston.com
elizabeth.skola@alston.com
angie.knowles@alston.com

**D. Seamus Kaskela**
Barroway Topaz Kessler Meltzer & Check,
LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056(Fax)
skaskela@sbtklaw.com

**John L. Latham**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
john.latham@alston.com

**David M. Promisloff**
Barroway Topaz Kessler Meltzer & Check,
LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056(Fax)
dpromisloff@sbtklaw.com

**Darren J. Robbins**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
darrenr@csgrr.com

**Douglas S. Johnston , Jr.**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798(Fax)
djohnston@barrettjohnston.com

**Jennifer Yeu-Jeng Lai**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
jlai@csgrr.com

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798(Fax)
tmiles@barrettjohnston.com

**Brian D. Roark**
Bass, Berry & Sims, PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238-2700
615/742-6200
615/742-6293(Fax)
broark@bassberry.com
virwin@bassberry.com
lmccampbell@bassberry.com
elizabeth.skola@alston.com

**Samuel H. Rudman**
Coughlin Stoia Geller Rudman & Robbins
LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (Fax)
srudman@csgrr.com

**Scott H. Saham**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (Fax)
scotts@csgrr.com

**Jessica Shinnefield**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (Fax)
jshinnefield@csgrr.com

**Patrick J. O'Hara**
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL  62701
Telephone:  217/544-1771
217/544-9894 (fax)
patrick@cavanagh-ohara.com

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on October 20, 2009.

s/ SCOTT H. SAHAM
SCOTT H. SAHAM
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  scotts@csgrr.com