UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Todd J. Campbell Magistrate Judge Juliet Griffin |
| HEALTHWAYS INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | INTERVENOR PLAINTIFF CENTRAL LABORERS' PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     THE PROPOSED CLASS REPRESENTATIVE ............................................3

III.    ARGUMENT ........................................................................................................4

    A.      The Standards of Fed. R. Civ. P. 23(a) Are Satisfied ...............................5

        1.      The Class Members Are so Numerous that Joinder of All Members
               Is Impracticable..............................................................................5

        2.      Questions of Law and Fact Are Common to the Class Members...............5

        3.      Plaintiff's Claims Are Typical of the Class ...................................5

        4.      The Proposed Class Representative Will Fairly and Adequately
               Protect the Interests of the Class..................................................7

    B.      The Conditions of Rule 23(b)(3) Have Been Met .................................8

        1.      Common Questions of Law or Fact Predominate.......................................8

        2.      A Class Action Is Superior to Other Available Methods.........................12

IV.     CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) ...................................................................................3, 9

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988) ....................................................................... *passim*

*Birmingham Steel Corp. v. Tenn. Valley Authority*,
    333 F.3d 1331-32 (11th Cir. 2003) ...................................................1

*Blank v. Jacobs*,
    No. 03-CV-2111 (JS)(MLO), 2009 U.S. Dist Lexis 91605
    (E.D.N.Y Sept. 30, 2009) ....................................................................1

*Bovee v. Coopers & Lybrand*,
    216 F.R.D. 596 (S.D. Ohio 2003) ........................................... *passim*

*Califano v. Yamasaki*,
    442 U.S. 682 (1979) ..........................................................................13

*Cammer v. Bloom*,
    711 F. Supp. 1264 (D.N.J. 1989) ...................................................10

*Castillo v. Envoy Corp.*,
    206 F.R.D. 464 (M.D. Tenn. 2002) ...........................................10, 12

*Davis v. Arco Corp.*,
    371 F. Supp. 782 (N.D. Ohio 1974) ................................................5

*Day v. NLO, Inc.*,
    144 F.R.D. 330 (S.D. Ohio 1992) ....................................................7

*Deutschman v. Beneficial Corp.*,
    132 F.R.D. 359 (D. Del. 1990) ...............................................8, 9, 11

*Dura-Bilt Corp. v. Chase Manhattan Corp.*,
    89 F.R.D. 87 (S.D.N.Y. 1981) ..........................................................9

*Eisenberg v. Gagnon*,
    766 F.2d 770 (3d Cir. 1985) ........................................................4, 13

*Ernst & Ernst v. Hochfelder*,
    425 U.S. 185 (1976) ............................................................................4

*Esplin v. Hirschi*,
402 F.2d 94 (10th Cir. 1968) ...........................................................................5

*Freedman v. Louisiana-Pacific Corp.*,
922 F. Supp. 377 (D. Or. 1996) .....................................................................12

*Freeman v. Laventhol & Horwath*,
915 F.2d 193 (6th Cir. 1990) ....................................................................10, 11

*Gulf Oil Co. v. Bernard*,
452 U.S. 89 (1981) ..........................................................................................3

*Herman & MacLean v. Huddleston*,
459 U.S. 375 (1983) ........................................................................................4

*Hoffman Elec., Inc. v. Emerson Elec. Co.*,
754 F. Supp. 1070 (W.D. Pa. 1991) ................................................................5

*In re AEP ERISA Litig.*,
No. 2:03-cv-67, 2009 U.S. Dist. LEXIS 22568
( S.D. Ohio Mar. 6, 2009) ...............................................................................1

*In re Am. Med. Sys., Inc.*,
75 F.3d 1069 (6th Cir. 1996) ...................................................................6, 7, 8

*In re Amerifirst Sec. Litig.*,
139 F.R.D. 423 (S.D. Fla. 1991) ....................................................................12

*In re Bexar County Health Facility Dev. Corp. Sec. Litig.*,
130 F.R.D. 602 (E.D. Pa. 1990) .....................................................................11

*In re CMS Energy Erisa Litig.*,
225 F.R.D. 539 (E.D. Mich. 2004) ..................................................................4

*In re Consumers Power Co. Sec. Litig.*,
105 F.R.D. 583 (E.D. Mich. 1985) ..................................................................4

*In re Corrugated Container Antitrust Litig.*,
643 F.2d 195 (5th Cir. 1981) ...........................................................................7

*In re Direct Gen. Corp. Sec. Litig.*,
No. 3:05-0077, 2006 U.S. Dist. LEXIS 56128
(M.D. Tenn. Aug. 8, 2006) ..................................................................... *passim*

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
191 F.R.D. 457 (E.D. Pa. 2000) .......................................................................4

*In re Revco Sec. Litig.*,
   142 F.R.D. 659-60 (N.D. Ohio 1992) ...........................................................................4

*In re Rospatch Sec. Litig.*,
   No. 1:90-CV-805, 1991 U.S. Dist. LEXIS 10311
   (W.D. Mich. July 22, 1991) ................................................................................9, 12

*In re Xcelera.com Sec. Litig.*,
   430 F.3d 503 (1st Cir. 2005) .................................................................................10

*Jordan v. Global Natural Res., Inc.*,
   102 F.R.D. 45 (S.D. Ohio 1984) ...........................................................................4, 8

*Mills v. Elec. Auto-Lite Co.*,
   396 U.S. 375 (1970) ..............................................................................................4

*Picard Chem., Inc. Prof. & Sharing Plan v. Perrigo Co.*,
   No. 1:95-CV-141, 1996 WL 739170
   (W.D. Mich. Sept. 27, 1996) ................................................................................6, 13

*Powers v. Stuart-James Co.*,
   707 F. Supp. 499 (M.D. Fla. 1989) ........................................................................12

*Senter v. Gen. Motors Corp.*,
   532 F.2d 511 (6th Cir. 1976) .................................................................................7

*Shields v. Smith*,
   No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718
   (N.D. Cal. Aug. 19, 1992) .....................................................................................1

*Shields v. Wash. Bancorporation*,
   No. 90-1101 (RCL), 1992 U.S. Dist. LEXIS 4177
   (D.D.C. Apr. 7, 1992) .........................................................................................1, 2

*Walsh v. Pittsburgh Press Co.*,
   160 F.R.D. 527 (W.D. Pa. 1994) ............................................................................4

*Weinberg v. Instituform Techs., Inc.*,
   No. 93-2747 G/BRO, 1995 WL 368002
   (W.D. Tenn. Apr. 7, 1995) ......................................................................... *passim*

## STATUTES, RULES AND REGULATIONS

15 C.F.R.

§78j(b) ...........................................................................................................4, 6, 9
§78t(a) ...............................................................................................................6, 9
§78t-1 ...............................................................................................................6, 9

Federal Rules of Civil Procedure

Rule 23 .........................................................................................2, 3, 12, 13
Rule 23(a) ........................................................................................2, 5, 14
Rule 23(a)(3) ........................................................................................5, 6
Rule 23(a)(4) ........................................................................................7, 8
Rule 23(b)(3) ....................................................................................... *passim*

17 C.F.R.

§240.10b-5 ...................................................................................4, 6, 9

## SECONDARY AUTHORITIES

4 A. Bromberg & L. Lowenfels,
*Securities Fraud & Commodities Fraud* (1989)
§8.6 (635) ........................................................................................................11

5 A. Conte & H. Newberg,
*Newburg on Class Actions* (4th ed. 2002)
§16:11 ..............................................................................................................1

Intervenor Plaintiff Central Laborers' Pension Fund ("Central Laborers" or "Plaintiff") respectfully submits this memorandum of law in support of the accompanying motion for class certification.

## I. INTRODUCTION

On October 5, 2009, the Court denied the West Palm Beach Firefighters Pension Fund's ("West Palm Beach Firefighters") motion for class certification because defendants had raised an arguably unique defense to its claims that rendered West Palm Beach Firefighters atypical of other class members. In order to protect its own interests, as well as the interests of absent class members, Central Laborers moved to intervene in this action and now seeks to be certified as a class representative. Importantly, Central Laborers is not subject to the purported unique defense which defendants argued could rebut the fraud on the market presumption of reliance as to West Palm Beach Firefighters, and which was the subject of the Court's October 5, 2009 Memorandum & Order ("October 5, 2009 Order") (Docket No. 136). Under nearly identical circumstances, the District Court in *Blank v. Jacobs*, after finding the claims of the proposed class representatives atypical, recently held that "plaintiffs may put forth alternate proposed lead plaintiffs within sixty days of the issuance of [the] Memorandum and Order" denying class certification. No. 03-CV-2111 (JS)(MLO), 2009 U.S. Dist Lexis 91605 (E.D.N.Y Sept. 30, 2009).[1]

_____

[1] "Intervention is liberally allowed after the denial of class status for the protection of absent class members interest." 5 A. Conte & H. Newberg, *Newburg on Class Actions* §16:11 (4th ed. 2002). Courts within this, and other circuits have recognized, "when there is an inadequate class representative but not a definitive determination of the inappropriateness of class certification, intervention is permissible." *In re AEP ERISA Litig.*, No. 2:03-cv-67, 2009 U.S. Dist. LEXIS 22568, at *16 ( S.D. Ohio Mar. 6, 2009); *see also Shields v. Smith*, No. C-90-0349 FMS, 1992 U.S. Dist. LEXIS 15718, at *7-*8 (N.D. Cal. Aug. 19, 1992) (allowing intervenor to serve as class representative when the initial denial of class certification was based solely on the inadequacy of the original putative class representative); *Birmingham Steel Corp. v. Tenn. Valley Authority*, 333 F.3d 1331-32 (11th Cir. 2003) (after denying class certification, district court abused its discretion "by not allowing a reasonable period of time for another member of the class to offer itself as the class representative"). Similarly, in *Shields v. Wash. Bancorporation*, No. 90-1101 (RCL), 1992 U.S.

Accordingly, Plaintiff seeks appointment as the representative of the plaintiff class (the "Class"), pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, consisting of:

> All purchasers of the securities of Healthways, Inc. ("Healthways" or the "Company") between July 5, 2007 and August 25, 2008, inclusive (the "Class Period"). Excluded from the Class are: the defendants named in the Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"); members of the families of Thomas G. Cigarran, Ben R. Leedle, Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor (the "Individual Defendants"); any parent, subsidiary, affiliate, partner, officer, executive, or director of any defendant; any entity in which such excluded person has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

Plaintiff also seeks an order, appointing (1) the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Class Counsel and (2) the law firm of Barrett, Johnston & Parsley as Liaison Class Counsel.

This Court has already held that the proposed class satisfies the numerosity and commonality requirements of Rule 23(a). October 5, 2009 Order at 3-4.[2] As set forth below, the proposed class representative also satisfies the typicality and adequacy of representation requirements of Rule 23. Unlike the West Palm Beach Firefighters,[3] Plaintiff did not utilize Baron Capital Management as an investment advisor in connection with its purchase of Healthways' securities. Accordingly, none of

---

Dist. LEXIS 4177 (D.D.C. Apr. 7, 1992), the court granted permission for a class member to intervene after certification was initially denied because the original class representative was found to be inadequate, because such a denial was not based on a "'definitive determination of the inappropriateness of class certification.'" *Id*. at *7 (citation omitted).

[2]     Plaintiff incorporates by reference the pleadings and other evidentiary submissions filed by Lead Plaintiff as part of its motion for class certification and reply in support thereof, including, the arguments relating to commonality and numerosity, the statements of fact, declarations and other evidence, which for brevity sake are not duplicated in this memorandum. *See* Docket Nos. 93-96, 129-131.

[3]     Should class certification discovery reveal that the West Palm Beach Firefighters is not in fact subject to any unique defense, plaintiffs reserve their right to renew the motion to appoint the West Palm Beach Firefighters as an additional class representative.

the issues raised in the Court's October 5, 2009 Order would impact a consideration of the typicality or the adequacy of the proposed class representative.

Furthermore, as previously referenced this securities class action is ideally suited for class certification because of the predominance of common issues of fact and the impracticability of bringing individual actions to redress a common wrong. As noted in the Advisory Committee comments to Fed. R. Civ. P. 23:

> Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

Indeed, the Supreme Court has repeatedly recognized that "[p]redominance is a test readily met in certain cases alleging . . . securities fraud . . . ." *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997); *see also Basic Inc. v. Levinson*, 485 U.S. 224 (1988); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n.11 (1981) (recognizing that class actions "'[vindicate] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost'").[4]

Moreover, the appropriateness of class treatment is bolstered by the previously filed expert declarations of Dr. Steven Feinstein, Associate Professor of Finance at Babson College ("Feinstein") (Docket Nos. 96 and 131). Finally, Plaintiff has established its adequacy through the accompanying Declaration of Dan Koeppel. Accordingly, this action should be certified as a class action, and Plaintiff should be appointed as Class Representative.

## II.    THE PROPOSED CLASS REPRESENTATIVE

Central Laborers is an institutional investor who purchased 9,645 shares of Healthways' stock during the class period and was damaged as a result thereof. Central Laborers provides

---

[4]    Citations are omitted and emphasis is added, unless otherwise stated.

benefits to over 5,000 individuals who receive total benefits in excess of $73 million per year. Central Laborers is willing to vigorously pursue this action and to act as a fiduciary for the class, in order to insure that the class receives as large of a recovery as possible. *See* Declaration of Dan Koeppel filed concurrently herewith.

## III.    ARGUMENT

The Supreme Court has repeatedly stressed the importance of the class action device in redressing wrongs committed under the federal securities laws. *Basic*, 485 U.S. at 229-30, 249-50 (holding that the certification of a class was appropriate in an action brought by shareholders asserting that the company involved issued three false and misleading public statements, thus, violating §10(b) of the Exchange Act and Rule 10b-5); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 380 n.10 (1983) (citing *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196 (1976)); *see also Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396 (1970). Courts in this Circuit have also consistently certified class actions in securities cases in order to provide redress to injured investors. *See, e.g.*, *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077, 2006 U.S. Dist. LEXIS 56128 (M.D. Tenn. Aug. 8, 2006) (Campbell, T.) (certifying class alleging violations of federal securities laws); *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 601-07 (E.D. Mich. 1985); *In re Revco Sec. Litig.*, 142 F.R.D. 659-60 (N.D. Ohio 1992); *Jordan v. Global Natural Res., Inc.*, 102 F.R.D. 45, 48 (S.D. Ohio 1984) (citing cases) (certifying class alleging violations of §10(b) of the Exchange Act).

There is a preference for class certification: "'The interests of justice require that in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing a class action.'" *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985); *see also In re CMS Energy Erisa Litig.*, 225 F.R.D. 539, 542 (E.D. Mich. 2004) ("if the court has doubts about approving class certification, such questions should be resolved in favor of approval") (citing *In re Ikon Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 462 (E.D. Pa. 2000)); *Walsh v. Pittsburgh Press Co.*, 160

F.R.D. 527, 529 (W.D. Pa. 1994) (same); *Davis v. Arco Corp.*, 371 F. Supp. 782, 791 (N.D. Ohio 1974) (particularly with respect to cases brought under the federal securities laws, any error should be made in favor of allowing the class action) (citing *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968)); *Hoffman Elec., Inc. v. Emerson Elec. Co.*, 754 F. Supp. 1070, 1075 (W.D. Pa. 1991).

### A.     The Standards of Fed. R. Civ. P. 23(a) Are Satisfied

Rule 23(a) enumerates the requirements for class treatment:

(a)     the class must be "so numerous that joinder of all members is impracticable";

(b)     "questions of law or fact common to the class" must exist;

(c)     "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class"; and

(d)     "the representative parties" must "fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a).  As demonstrated below, each of these requirements is satisfied here.

### 1.     The Class Members Are so Numerous that Joinder of All Members Is Impracticable

The Court has already held that the element of numerosity is satisfied in this case.  October 5, 2009 Order at 3.

### 2.     Questions of Law and Fact Are Common to the Class Members

The Court has already held that the element of commonality is satisfied in this case.  October 5, 2009 Order at 3-4.

### 3.     Plaintiff's Claims Are Typical of the Class

Rule 23(a)(3) requires that the claims of the representative parties be "typical" of the claims of the prospective class.  Fed. R. Civ. P. 23(a)(3).  The typicality requirement focuses on the type of injury suffered by the class members and the interests of the various class members.  *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 609 (S.D. Ohio 2003).  "A plaintiff's claim is typical if it

arises from the same event or practice or course that gives rise to the claims of other class members, or if his or her claims are based on the same legal theory." *Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *11 (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)); *see also Weinberg v. Instituform Techs., Inc.*, No. 93-2747 G/BRO, 1995 WL 368002 (W.D. Tenn. Apr. 7, 1995). Typicality exists when the "representative's interests [are] aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *Am. Med. Sys.*, 75 F.3d at 1082.

Importantly, the proposed representative's claims do not have to be identical to the claims of the other members of the putative class, but there must be a common element of fact or law between the claims. *Bovee*, 216 F.R.D. at 609. Moreover, "[a]s with the commonality requirement, the typicality requirement is "'not demanding.'"" *Picard Chem., Inc. Prof. & Sharing Plan v. Perrigo Co.*, No. 1:95-CV-141, 1996 WL 739170, at *4 (W.D. Mich. Sept. 27, 1996).

Here, the claims asserted by Plaintiff are typical of the claims of the other Class members. Plaintiff alleges that defendants violated §§10(b), 20(a) and 20A of the Exchange Act, as well as Rule 10b-5 promulgated thereunder, by issuing public statements and documents that misrepresented or omitted material facts. Plaintiff also alleges that it and the other members of the Class paid artificially inflated prices for Healthways securities as a result of the defendants' material misrepresentations and omissions and were damaged when the artificial inflation came out of the stock price. Those claims, and the claims of the absent Class members, are based upon the same theories and will be proven by the same evidence. Thus, Plaintiff's interests are aligned with those of the Class, and in pursuing its own claims, Plaintiff will advance the interests of the Class. Clearly, the typicality requirement of Rule 23(a)(3) is satisfied.

Moreover, unlike the West Palm Beach Firefighters, Plaintiff did not utilize Baron Capital Management as an investment advisor in connection with its purchase of Healthways' securities.

Accordingly none of the issues raised in the Court's October 5, 2009 Order would impact a consideration of the typicality of Plaintiff as a proposed class representative.

### 4. The Proposed Class Representative Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). As the Court acknowledged in *Direct Gen.*, "[t]he Sixth Circuit has articulated two criteria for determining adequacy of representation: (1) the representatives must have common interests with unnamed members of the proposed class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." 2006 U.S. Dist. LEXIS 56128, at *13 (citing *Am. Med. Sys.*, 75 F.3d at 1083); *see also Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976).

The first of these two requirements overlaps with the commonality and typicality prerequisites and merely acts to ensure that the representatives have interests co-extensive with, rather than antagonistic to, the interests of the unnamed class members. *See Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *14; *see also Weinberg*, 1995 WL 368002, at *5 (citing *Day v. NLO, Inc.*, 144 F.R.D. 330, 335 (S.D. Ohio 1992)). The second factor requires that the representatives have sufficient financial and personal involvement to encourage them to prosecute the action vigorously, and adequate resources and legal representation to meet the demands of maintaining the action. *Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *14. Plaintiff clearly satisfies both prongs of Rule 23(a)(4)'s adequacy test.

First, Plaintiff's interests are neither antagonistic to, nor in conflict with, the interests of the other Class members. To the contrary, Plaintiff and other members of the Class sustained losses as a result of the same alleged material misrepresentations and omissions. In prosecuting its own claims to achieve maximum recovery, Plaintiff will also be vigorously prosecuting the claims of other Class members. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) ("'so

long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes'").

Plaintiff has submitted the declaration of Dan Koeppel detailing that it has suffered substantial injury as a result of the defendants' fraudulent conduct and is willing to vigorously pursue the claims of absent class members. Plaintiff has also retained the law firm Coughlin Stoia, which has successfully prosecuted securities class actions throughout the country and within this Circuit. As reflected in the firm's resume, Coughlin Stoia (as well as Liaison Counsel for the Class) is qualified, experienced and capable of prosecuting this litigation on behalf of the Class. Moreover, there should be no question that these firms have the resources necessary to vigorously represent the proposed Class. This Court has witnessed the vigor with which Lead Counsel and Liaison Counsel are prosecuting this action, as well as the quality of their work to date. Plaintiff's chosen counsel has, and will continue to, zealously and competently represent the interests of all Class members. Plaintiff has satisfied the requirements of Rule 23(a)(4).

### B. The Conditions of Rule 23(b)(3) Have Been Met

Rule 23(b)(3) authorizes certification where common questions of law or fact predominate over individual questions and the class action is superior to other available means of adjudication. *Am. Med. Sys.*, 75 F.3d at 1084; *Jordan v. Global Natural Res., Inc.*, 102 F.R.D. 45, 51 (S.D. Ohio 1984). Both requirements are satisfied here.

### 1. Common Questions of Law or Fact Predominate

"'The predominance test is not a numerical test and does not require the court to add up the common issues and the individual issues and determine which is greater.'" *Bovee*, 216 F.R.D. at 605 (quoting *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 375 (D. Del. 1990)); *see also Weinberg*, 1995 WL 368002, at *7 (noting that the predominance requirement of Rule 23(b)(3) does not mandate that every issue in the case be common to all class members, but only that there exist substantial common issues which predominate over individual issues). Rather, as this Court

explained in *Direct Gen.*, "[t]he Court must test whether the proposed class is sufficiently cohesive to warrant adjudication by representation." 2006 U.S. Dist. LEXIS 56128, at *15-*16; *see also Bovee*, 216 F.R.D. at 605 ("'the court must determine whether the members of the class seek a remedy to a common legal grievance and whether the common questions of law and fact central to the litigation are common to all class members'") (quoting *Deutschman*, 132 F.R.D. at 375). Moreover, the Supreme Court has noted that "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625. Courts in the Sixth Circuit have also held that class certification is "particularly appropriate for [cases with] allegations of federal securities fraud." *See, e.g.*, *In re Rospatch Sec. Litig.*, No. 1:90-CV-805, 1991 U.S. Dist. LEXIS 10311, at *6 (W.D. Mich. July 22, 1991).

Predominance is usually decided on the question of liability, so that if the liability issue is common to the class, common questions are held to predominate over individual ones. *Weinberg*, 1995 WL 368002, at *7; *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981). Here, it is clear that common questions of law or fact predominate over individual questions because defendants' liability turns upon issues that are common to the Class, *i.e.*, whether the defendants made material misrepresentations and/or omissions with the requisite scienter. If defendants are liable for this conduct, they are liable to all Class members in a like manner.

Further, the element of reliance poses no obstacle to class certification for Plaintiff. Plaintiff asserts claims under §§10(b), 20(a) and 20A of the Exchange Act, and Rule 10b-5, and can properly rely on the fraud-on-the-market doctrine under which the Class is entitled to the rebuttable presumption of reliance. *Basic*, 485 U.S. at 247 ("where materially misleading statements have been disseminated into an impersonal, well-developed market for securities, the reliance of individual plaintiffs on the integrity of the market price may be presumed"). This presumption applies when the market for the security is efficient. *Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *15 ("When a

plaintiff alleges that a defendant made material misrepresentations or omissions concerning a security that is actively traded on an efficient market, thus establishing a fraud on the market, a rebuttable presumption of reliance arises.") (citing *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 469 (M.D. Tenn. 2002); *Basic*, 485 U.S. at 247).  As this Court explained in *Direct Gen.*:

> A district court may consider five factors in determining whether a security was traded on an efficient market: (1) a large weekly trading volume; (2) the existence of a significant number of reports by securities analysts; (3) the existence of market makers and arbitrageurs in the security; (4) the eligibility of the company to file an S-3 Registration Statement; and (5) a history of immediate movement of the stock price caused by unexpected corporate events or financial releases.

2006 U.S. Dist. LEXIS 56128, at *19-*20 (citing *Cammer v. Bloom*, 711 F. Supp. 1264, 1286-87 (D.N.J. 1989)); *see also In re Xcelera.com Sec. Litig.*, 430 F.3d 503 (1st Cir. 2005); *Freeman v. Laventhol & Horwath*, 915 F.2d 193, 197-98 (6th Cir. 1990).  This Court's prior opinion in no way prevents the proposed class representative from invoking the fraud on the market presumption of reliance as it did not utilize Baron Capital Management as an investment advisor in connection with its purchase of Healthways' securities.

As set forth in the Feinstein declaration (Docket No. 96) accompanying Lead Plaintiff's motion for class certification, the indicia of an efficient market are present with respect to Healthways common stock, and the following facts demonstrate that the presumption is applicable:

- during the Class Period, the daily trading volume of Healthways common stock was 703,753 shares (Feinstein Decl., ¶32);

- there was extensive analyst coverage of the Company: (1) numerous brokerage firms published reports on Healthways; and (2) many analyst reports on Healthways were published during the Class Period (*id.*, ¶¶36-44);

- Healthways was eligible to use the Form S-3 Registration Statement (*id.*, ¶¶50-53);

- the price of Healthways common stock responded promptly to news about Healthways.  For example, when Healthways announced on February 26, 2008 that it was revising its fiscal 2008 guidance, Healthways' stock price immediately responded and lost 30% in a single day (*id.*, ¶103).  Trading volume was exceptionally high at 11 million shares, far above the average daily trading volume during the Class Period (*id.*, ¶32);

- there was a substantial amount of institutional ownership of Healthways common stock during the Class Period, which indicates that sophisticated and knowledgeable investors were actively assimilating information about Healthways and trading on that information (*id.*, ¶40); and

- there was extensive news coverage of Healthways during the Class Period (*id.*, ¶42).

Importantly, defendants' economic expert who offered an opinion in opposition to Lead Plaintiff's motion for class certification did not dispute Prof. Feinstein's detailed opinions or analysis regarding market efficiency.

Moreover, throughout the Class Period, Healthways common stock traded on the Nasdaq, which is one of the quintessential efficient markets. *See Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *20 (stating that the Nasdaq is "a recognized efficient market"); *see also In re Bexar County Health Facility Dev. Corp. Sec. Litig.*, 130 F.R.D. 602 (E.D. Pa. 1990) (for the position that certain markets, such as the New York Stock Exchange and Nasdaq, should be entitled to a rebuttable presumption of efficiency) (citing 4 A. Bromberg & L. Lowenfels, *Securities Fraud & Commodities Fraud* §8.6 (635) (1989)); *Freeman*, 915 F.2d at 199 ("[I]t appears that securities traded in national secondary markets such as the New York Stock Exchange, as was the case in *Levinson*, are well suited for application of the fraud on the market theory."); *Bovee*, 216 F.R.D. at 606 ("'[A] well-developed and impersonal market, such as the New York or Pacific stock exchanges, will instantaneously incorporate all publicly available information about a given security into the market price of that security.'") (quoting *Deutschman*, 132 F.R.D. at 368).

In sum, where, as here, a continuous course of conduct on the part of defendants is alleged, the issues of law and fact which flow from that activity clearly predominate over any individual issues. *See Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *21 ("[T]the Court is satisfied that Plaintiffs have established, for purposes of the Motion for Class Certification, that the fraud on the market theory will be available to them. Therefore, the common questions of law or fact predominate over individual issues sufficiently to certify a class."); *Bovee*, 216 F.R.D. at 607 (noting

- 11 -

when the fraud-on-the-market theory is invoked, courts agree that the legal and factual issues common to all members of the class will predominate over individual issues) (citing *Castillo*, 206 F.R.D. at 473-74; *Powers v. Stuart-James Co.*, 707 F. Supp. 499, 504 (M.D. Fla. 1989)). In such circumstances, a class action is appropriate under Rule 23.

### 2. A Class Action Is Superior to Other Available Methods

The last prerequisite for maintaining a class action mandates that the class action vehicle be superior to other methods of adjudication, such as joinder. Fed. R. Civ. P. 23(b)(3). The court must consider four factors to ensure that superiority is met: (1) the interests of members of the class in individually controlling the prosecution of separate actions; (2) whether other litigation has already commenced; (3) the desirability or undesirability of concentrating claims in one forum; and (4) the difficulties likely to be encountered in management of a class action. *Id.*

Courts have found the superiority requirement met where: (1) many of the class investors likely have suffered only small losses, making it improbable that they can afford to proceed with their claims as individuals; (2) use of the class action vehicle will achieve judicial economy, as well as prevent inconsistent judgments; (3) there are no other actions against the company involving the same claims; and (4) the court foresees no particular difficulties with adjudicating the class action. *Weinberg*, 1995 WL 368002, at *8.

"'It is well-recognized that class actions are a particularly appropriate means for resolving securities fraud actions.'" *Bovee*, 216 F.R.D. at 607 (quoting *In re Amerifirst Sec. Litig.*, 139 F.R.D. 423, 427 (S.D. Fla. 1991)); *see also Direct Gen.*, 2006 U.S. Dist. LEXIS 56128, at *21 ("***Plaintiffs contend that class actions are particularly appropriate means for resolving securities fraud litigation. This Court agrees***."); *Basic*, 485 U.S. at 250 (noting that a class action is most favorable means of adjudicating federal securities fraud claims); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 400-01 (D. Or. 1996) (same); *Rospatch*, 1991 U.S. Dist. LEXIS 10311, at *4-*6 (same).

Class actions are especially appropriate in securities cases because they advance the policy behind the regulations. *See Eisenberg*, 766 F.2d at 785 (finding that effectiveness of securities laws may depend largely on the application of the class action device).

The factors specified in Rule 23(b)(3) also militate in favor of certification. First, there is no indication that any member of the Class would prefer to control the prosecution of these claims individually, since to do so would be prohibitively expensive. In any event, if some do so desire, they will have the opportunity to opt-out of the Class. Second, counsel are unaware of any other litigation against these defendants asserting these claims. Third, concentration of the litigation in one forum is desirable to avoid inconsistent adjudications and promote fairness and efficiency. Finally, this case presents no unusual difficulties in maintaining the class action or providing notice to the Class.

Not only is the class action device the superior method for adjudicating the claims presented in the instant case, it is the only practical method of obtaining a fair and efficient disposition of these claims. *See Bovee*, 216 F.R.D. at 607 ("Given that the proposed class consists of thousands of members and that the legal claims are narrowed to whether defendants committed securities violations, a class action will be the most fair and efficient way to resolve this dispute."). The alternatives to a class action are either no recourse for thousands of stockholders, or a multiplicity of suits throughout the Unites States resulting in the inefficient administration of justice. *See Picard Chem.*, 1996 WL 739170, at *3 (stating "[i]f this Court does not certify this class, hundreds of small shareholders . . . will be effectively barred from seeking legal redress of their claims. Furthermore, because the potential class members 'seek a determination on essentially the same issues, . . . a class action would enhance judicial economy and efficiency'"). This is precisely "the evil that Rule 23 was designed to prevent." *Califano v. Yamasaki*, 442 U.S. 682, 690 (1979). Here, the class action device is superior to any other means available to this Court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) certify this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (2) certify Central Laborers as the representative of the proposed Class; and (3) appoint the law firm of Coughlin Stoia as Lead Class Counsel, and the law firm of Barrett, Johnston & Parsley as Liaison Class Counsel.

DATED:  October 20, 2009                    Respectfully submitted,

                                            COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            THOMAS E. EGLER
                                            SCOTT H. SAHAM
                                            JESSICA T. SHINNEFIELD
                                            JENNIFER Y. LAI
                                            MATTHEW I. ALPERT


                                                   s/ SCOTT H. SAHAM
                                            _____
                                                   SCOTT H. SAHAM

                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)
                                            tome@csgrr.com
                                            scotts@csgrr.com
                                            jshinnefield@csgrr.com
                                            jlai@csgrr.com
                                            malpert@csgrr.com

                                            Lead Counsel for Plaintiffs

                                            BARRETT, JOHNSTON & PARSLEY
                                            GEORGE E. BARRETT
                                            DOUGLAS S. JOHNSTON, JR.
                                            TIMOTHY L. MILES
                                            217 Second Avenue North
                                            Nashville TN 37201
                                            Telephone:  615-244-2202
                                            615-252-3798 (fax)
                                            gbarrett@barrettjohnston.com
                                            djohnston@barrettjohnston.com
                                            tmiles@barrettjohnston.com

                                            Liaison Counsel

- 14 -

DYER & BERENS LLP
JEFFREY A. BERENS
ROBERT J. DYER III
682 Grant Street
Denver, Colorado 80203
Telephone: (303) 861-1764
(303) 395-0393 (fax)
jeff@dyerberens.com
bob@dyerberens.com

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
MARSHALL DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Plaintiffs

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Attorneys for Intervenor Plaintiff Central
Laborers Pension Fund

S:\CasesSD\Healthways\BRF00062262_CC2.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of October, 2009, the foregoing INTERVENOR PLAINTIFF CENTRAL LABORERS' PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**George Edward Barrett**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
lbrock@barrettjohnston.com

**Jeffrey A. Berens**
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-1764
303/861-1764
303/395-0393(Fax)
jeff@dyerberens.com

**Paul Kent Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215-0734
615/248-2828
615/254-4116(Fax)
pknashlaw@aol.com

**Robert P. Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215-0734
615/248-2828
615/254-4116(Fax)
robert@bramlettlawoffices.com

**Marshall Dees**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mdees@holzerlaw.com

**Wallace Wordsworth Dietz**
Bass, Berry & Sims, PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238-2700
615/742-6200
615/742-6293(Fax)
wdietz@bassberry.com

**Robert J. Dyer , III**
Dyer & Berens LLP
682 Grant Street
Denver, CO 80203-1764
303/861-1764
303/395-0393(Fax)
bob@dyerberens.com

**Thomas E. Egler**
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
tegler@csgrr.com

**Michael I. Fistel , Jr.**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mfistel@holzerlaw.com

**Corey D. Holzer**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
cholzer@holzerlaw.com

**Susan E. Hurd**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
susan.hurd@alston.com
elizabeth.skola@alston.com
angie.knowles@alston.com

**D. Seamus Kaskela**
Barroway Topaz Kessler Meltzer & Check,
LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056(Fax)
skaskela@sbtklaw.com

**John L. Latham**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
john.latham@alston.com

**David M. Promisloff**
Barroway Topaz Kessler Meltzer & Check,
LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056(Fax)
dpromisloff@sbtklaw.com

**Darren J. Robbins**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
darrenr@csgrr.com

**Douglas S. Johnston , Jr.**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798(Fax)
djohnston@barrettjohnston.com

**Jennifer Yeu-Jeng Lai**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (Fax)
jlai@csgrr.com

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798(Fax)
tmiles@barrettjohnston.com

**Brian D. Roark**
Bass, Berry & Sims, PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238-2700
615/742-6200
615/742-6293(Fax)
broark@bassberry.com
virwin@bassberry.com
lmccampbell@bassberry.com
elizabeth.skola@alston.com

**Samuel H. Rudman**
Coughlin Stoia Geller Rudman & Robbins
LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (Fax)
srudman@csgrr.com

**Scott H. Saham**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (Fax)
scotts@csgrr.com

**Jessica Shinnefield**
Coughlin Stoia Geller Rudman & Robbins
LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (Fax)
jshinnefield@csgrr.com

**Patrick J. O'Hara**
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL  62701
Telephone:  217/544-1771
217/544-9894 (fax)
patrick@cavanagh-ohara.com

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on October 20, 2009.

s/ SCOTT H. SAHAM
SCOTT H. SAHAM
COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  scotts@csgrr.com