IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN RICHARD BEACH, et al.    )
                              )
v.                            ) NO. 3:08-0569
                              ) JUDGE CAMPBELL
HEALTHWAYS, INC., et al.      )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Class Certification (Docket No. 148). The Court heard argument on Plaintiffs' Motion on April 1, 2010.

For the reasons stated herein, Plaintiffs' Motion is GRANTED.

FACTS

In this securities fraud action against Healthways, Inc. and its senior executives, Plaintiffs allege that Defendants made materially false and/or misleading statements concerning Healthways stock during the time period of July 5, 2007, to August 25, 2008. The Court previously denied a Motion for Class Certification filed by the West Palm Beach Firefighters' Pension Fund. Docket No. 137. With the pending Motion, Plaintiffs seek class certification of this action and appointment of Central Laborer's Pension Fund ("the Fund") as representative of the proposed class.

Defendants argue that the Fund cannot demonstrate that its claims are typical of the proposed class or that it can adequately represent the interests of the class. Specifically, Defendants argue that the Fund differs from other proposed class members in that (1) the Fund's investment managers did not rely on the integrity of the market in deciding to purchase Company stock; (2) the Fund's investment managers made damaging admissions that give rise to unique and distracting defenses; (3) the Fund has not demonstrated that it will vigorously prosecute this case or supervise lead

counsel; and (4) an unusual fee arrangement between the Fund's two law firms creates a conflict of interest that renders the Fund inadequate. Docket No. 188.

CLASS ACTIONS - RULE 23(a)

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002). The decision whether to certify a class, committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994).

On Plaintiffs' previous Motion to Certify, the Court has already determined that Plaintiffs have carried their burden of establishing the numerosity and commonality required under Rule 23(a). *See* Docket No. 136.

Typicality

The claims of the representative party must be typical of the claims of the class and the representative party must be able to fairly and adequately protect the interests of the class in order to meet the requirements of Rule 23(a). There must be a sufficient relationship between the injury

2

to the named plaintiff and the conduct affecting the class so that the Court may properly attribute a collective nature to the challenged conduct. *In re Aredia and Zometa Products Liability Litigation*, 2007 WL 3012972 at * 4 (M.D. Tenn. Oct. 10, 2007); *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). [1]

Here, decisions to purchase or sell Healthways shares were made exclusively by the Fund's investment managers. Therefore, for purposes of assessing whether the Fund's claims are typical, the Court must consider the Fund's investment managers and the circumstances under which they came to purchase Healthways stock for the Fund.

Defendants first argue that the Fund is not typical of potential class members because its investment managers did not rely[2] on the integrity of the market in deciding to purchase Company stock and, therefore, it would be subject to unique defenses at trial. Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation. *In re Connetics Corp. Securities Litigation*, 257 F.R.D. 572, 576 (N.D. Cal. 2009).

---

[1] A plaintiff's claim is typical if it arises from the same event or practice or course that gives rise to the claims of other class members or if it is based on the same legal theory. *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 443 (S.D. Ohio 2009). The commonality and typicality requirements are closely related because they both help determine whether the claim of the named plaintiff and those of the class are so interrelated that the interests of the absent class members will be protected. *Id*. at 444.

[2] It is undisputed that proof of reliance is a part of the Plaintiffs' burden in this case. *See Castillo*. 206 F.R.D. at 468. Reliance provides the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury. *Id*.

3

Generally, in class action securities fraud cases, plaintiffs have to rely upon the "fraud-on-the-market" doctrine in proving reliance.[3] When a plaintiff alleges that a defendant made material misrepresentations or omissions concerning a security that is actively traded on an efficient market, thus establishing a fraud on the market, a rebuttable presumption of reliance arises. *Castillo, 206 F.R.D. at 468; see also Basic Inc. v. Levinson*, 485 U.S. 224, 247 (1988) and *In re Connetics*, 257 F.R.D. at 577.

As with Plaintiffs' previous Motion for Class Certification, an initial issue here is the extent to which the Court can delve into the merits of the fraud- on-the-market theory when considering a motion for class certification. A preliminary determination as to the *availability* or *applicability* of the presumption, which is distinct from its actual application, can be made at the class certification stage without dealing with the merits of the case. *Castillo*, 206 F.R.D. at 471. The insistence of both counsel in overly arguing the merits of this case at this stage of the litigation has been, at a minimum, distracting.

The fraud-on-the-market theory rests on the assumption that in an efficient market, dissemination of material misrepresentations or withholding of material information typically affects the price of the stock, and purchasers generally rely on the price of the stock as reflective of its value. *Castillo*, 206 F.R.D. at 468. An "efficient" market is one that rapidly reflects new information in price, such that security prices fully reflect all available information. *Huberman v. Tag-It Pacific, Inc.*, 2009 WL 485053 at * * 3 (9th Cir. 2009); *Freeman v. Laventhol & Horwath*,

---

[3] The fraud-on-the-market theory is key to the class certification issue because, without the benefit of the presumption of reliance, requiring proof of individualized reliance from each member of the proposed plaintiff class effectively would prevent Plaintiffs from proceeding with a class action, since individual issues then would overwhelm the common ones. *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 603 (S.D. Ohio 2003).

915 F.2d 193, 198 (6th Cir. 1990); *Castillo*, 206 F.R.D. at 469. To apply the fraud-on-the-market theory, it is sufficient that the market for a security be efficient only in the sense that market prices reflect the available information about the security. *In re Xcelera.com Securities Litigation*, 430 F.3d 503, 510 (1st Cir. 2005).

Plaintiffs have presented proof through the expert testimony of Professor Feinstein that Healthways stock traded in an informationally efficient market, according to the factors in *Cammer v. Bloom*, 711 F. Supp. 1264, 1286-87 (D. N.J. 1989), during the proposed class period. Docket No. 96. Defendants have not rebutted this testimony.

The Court need not accept Professor Feinstein's conclusions uncritically, but it must determine whether the evidence is so flawed as to be inadmissible as a matter of law. <u>Bacon v. Honda of America Mfg., Inc.</u>, 205 F.R.D. 466, 470 (S.D. Ohio 2001). For purposes of class certification, the Court cannot say that Professor Feinstein's testimony is so flawed as to be inadmissible as a matter of law. The Court finds that, for purposes of this Motion for Class Certification, Plaintiffs have carried their burden of showing an efficient market so as to invoke the "fraud-on-the-market" presumption.

The presumption of reliance may be rebutted if a purchaser of stock relies on non-market information that is not generally available to the public and, therefore, not available to the unnamed class members. *Shiring v. Tier Technologies, Inc.*, 244 F.R.D. 307, 313 (E.D. Va. 2007). Where a plaintiff relies on the fraud-on-the-market presumption to establish typicality, any reliance on non-market information means that the plaintiff cannot be said to have relied on the integrity of the market and, therefore, that plaintiff is atypical of those who have so relied. *Id.*

5

Although Defendants may rebut the presumption at the summary judgment stage or at trial, the defense of non-reliance is not a basis for denial of class certification. *Connecticut Retirement Plans and Trust Funds v. Amgen, Inc.*, 2009 WL 2633743 at * 14 (C.D. Cal. Aug. 12, 2009); *In re Kmart Corp. Securities Litigation*, 1996 WL 924811 at * 5 (E.D. Mich. Dec. 16, 1996). Any rebuttal evidence which relates to the presumption of reliance on the integrity of the market would have to unduly involve the merits of the case. *In re Kmart* at * 5.

Without deciding whether such a presumption can be overcome at a later stage in this litigation, the Court finds that Plaintiffs have carried their burden to show that the "fraud-on-the-market" presumption will be available to the Fund.

Defendants next contend that the Fund's investment managers have made admissions which create unique defenses for Defendants against the Fund. For example, Defendants argue that the Fund's investment managers did not consider the market in which Healthways stock was traded to be an efficient one.[4]

Simply because an investor believes that the market price is an inaccurate assessment of the value of a stock does not necessarily mean that the investor is not relying on the integrity of the market. *Malone v. Microdyne Corp.*, 148 F.R.D. 153, 159 (E.D. Va.1993). The fraud-on-the-market theory does not require proof that the market correctly reflects some fundamental value of the security. *In re Accredo Health, Inc. Securities Litigation*, 2006 WL 1716910 at * 9 (W.D. Tenn. Apr. 19, 2006). As noted above, to apply the fraud-on-the-market theory, it is sufficient that the market prices reflect the available information about the security. *Id*.

---

[4] The parties dispute the meaning of the word "efficient" in different factual contexts. This dispute need not be resolved at this stage of the case and is for cross examination.

Defendants also claim that the Fund's investment managers actually knew of the allegedly misleading information. Any defense that the truth was available in the market is a class-wide question of fact. Even if Defendants' claim is true, however, given Defendants' admissions, such knowledge had to come from public information, available to all class members. Similarly, any claim that the Fund knew a lawsuit was filed would not be a defense unique to the Fund, because the filing of the lawsuit is a matter of public record, information available to all class members.

Defendants argue that the Fund is atypical because it did not sell all of its Healthways stock and even purchased Healthways stock after certain alleged corrective disclosures by Defendants. Numerous cases have held that a proposed class representative's purchases of stock after adverse disclosure do not destroy typicality. *In re Connetics*, 257 F.R.D. at 576 (citing cases). The purchase of stock after a partial disclosure is not a *per se* bar to satisfying the typicality requirement. *Id.* at 577. Courts have repeatedly recognized that putative intra-class conflicts relating to the times at which particular class members purchased their securities relate to damages and do not warrant denial of class certification. *Id.* at 578; *see also Connecticut Retirement Plans,* 2009 WL 2633743 at * 6-7 (conflict between individuals who retained stock (so-called "equity holders") and individuals who sold their shares (so-called "non-equity holders") does not represent a valid reason for refusing to certify a class).[5]

For these reasons, the Court finds that the timing of the Fund's purchases and sales of Healthways stock does not create a unique defense such that the Fund should not represent the class.

---

[5] "Some courts, for instance, have noted that equity conflicts are present in almost every large, complex securities case and that deeming those conflicts to be an appropriate basis for the denial of class certification would be inconsistent with the Court of Appeals' strongly favorable view of the class action device in securities cases generally." *Connecticut Retirement Plans,* 2009 WL 2633743 at * 6.

Finally, Defendants allege that one of the Fund's investment managers had conversations with an officer of Healthways and, thus, the Fund may be subject to unique defenses. The Court finds that Defendants are conclusively precluded from making this argument by their own admission that, during the class period, no individual defendant or Healthways' executive communicated any material information to any financial analyst, institutional investor or investment manager that was not also contained in Company press releases, Company conference calls, and/or Company SEC filings, posted on the Company's website, and/or otherwise publicly communicated. *See* Docket No. 207-1.[6]

Mere communication with corporate insiders will not render a class representative atypical for class certification purposes absent the exchange of non-public information. *In re DVI, Inc. Securities Litigation*, 249 F.R.D. 196, 203 (E.D. Pa. 2008). Courts have consistently certified classes where there was no evidence that the named plaintiff received non-public information from a corporate officer. *Id.* at 202. In general, the cases hold that if the plaintiff has received information from company insiders that confirms, reflects, repeats, or even digests publicly available market information, that plaintiff is an appropriate class representative. *Id*.

For all these reasons, the Court finds that Plaintiffs have carried their burden on the typicality requirement under Rule 23.

Adequacy

---

[6] Defendants' recent admissions also call into question certain facts previously asserted by the Defendants upon which the Court relied in issuing its prior Memorandum denying class certification. Docket No. 136. In any event, however, at the hearing, Plaintiffs' counsel disclaimed any interest in revisiting the prior Memorandum and Order.

8

Defendants allege that the Fund cannot adequately represent the interests of class members. On the current record, the Court finds no reason to believe that the Fund and/or its attorneys will not vigorously prosecute this litigation and supervise lead counsel. In addition, the Court finds no reason to believe that the Fund and/or its attorneys will operate under any conflict of interest or have divided loyalties.

Defendants' allegations concerning an improper fee arrangement between the Fund and its counsel do not defeat class certification. Any attorneys' fees awarded in this case will have to be Court-approved, and issues concerning those fees may be raised at that time. The pending motion is neither an attorneys' fees motion, an ethical complaint, nor an action to challenge the terms of a fee arrangement. Defendants' arguments in this regard are unavailing on this Motion, and the Court finds that the Fund is adequate to represent the class.

For these reasons, the Court finds that Plaintiffs have carried their burden of showing that the Fund meets the requirements of Rule 23(a).

## CLASS ACTIONS - RULE 23(b)

Rule 23(b) authorizes a class action when (1) questions of law or fact common to the class predominate over questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and sufficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

For the reasons stated above concerning the Fund's typicality, the Court finds that the common questions of law or fact previously identified by the Court predominate over questions affecting only individual members. In addition, the Court finds that a class action is superior to the

9

other available methods for adjudicating this controversy. Therefore, the Court finds that the Fund should be appointed as Class Representative in this matter.

THE PROPOSED CLASS PERIOD

Defendants assert that, if the Court certifies a class, the allegations of the Complaint do not support a class period beyond February 26, 2008. The parties dispute whether any alleged misleading information was "cured" after February of 2008. Plaintiff contends that the last disclosure of the "truth" was in August of 2008. In other words, when precisely any alleged fraud on the market was cured remains in dispute.

In order for the Court to deny certification of the class period as proposed by Plaintiffs at this certification stage, the Court must be able to rule, as a matter of law, that a curative disclosure was made so as to render it unreasonable for an investor, or the market, to continue to be misled by the Defendants' alleged misrepresentations. *In re Resource America Securities Litigation*, 202 F.R.D. 177, 183 (E.D. Pa. 2001). The issue of the appropriate commencement and termination dates for the class period can be resolved only by a full inquiry into the merits of the lawsuit, which is not appropriate at this stage of the proceedings. *Connecticut Retirement Plans,* 2009 WL 2633743 at * 15.

Although the Court possesses the authority to address the propriety of the proposed class scope and period, in this case, the Defendants' arguments about the termination date of the proposed class period raise questions of fact going to the merits and are, therefore, not an appropriate subject for inquiry at this stage of the litigation. *See In re Resource*, 202 F.R.D. at 183.

The Court cannot find, at this stage of the litigation, as a matter of law, that the proposed class period should be shorter than that proposed by Plaintiffs. Accordingly, for purposes of this

10

Motion, the class is certified for the commencement and termination dates requested by the Plaintiffs. Any Order certifying a class may be altered or amended at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C).

## CONCLUSION

For all these reasons, Plaintiffs' Motion for Class Certification (Docket No. 148) is GRANTED, and the Court certifies a class defined as: "all purchasers of the securities of Healthways, Inc. between July 5, 2007, and August 25, 2008." Excluded from this class are the Defendants in this action and members of the families of Thomas G. Cigarran, Ben R. Leedle, Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor. Also excluded from this class are any parent, subsidiary, affiliate, partner, officer, executive, or director of any Defendant herein; any entity in which such excluded person has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

In addition, the law firm of Coughlin Stoia Geller Rudman & Robbins LLP is appointed Lead Counsel and the law firm of Barrett, Johnston & Parsley is appointed as Liaison Class Counsel.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE