UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | Judge Todd J. Campbell Magistrate Judge Juliet Griffin |
| HEALTHWAYS INC., et al., | ) ) ) | STIPULATION OF SETTLEMENT |
| Defendants. | ) ) ) | |

This Stipulation of Settlement dated May 21, 2010 (the "Stipulation") is made and entered into by and among (i) Plaintiffs Central Laborers' Pension Fund and West Palm Beach Firefighters' Pension Fund (collectively, "Plaintiffs"), on behalf of themselves and each of the Class Members; and (ii) Defendants Healthways, Inc. ("Healthways" or the "Company"), Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor (collectively, "Defendants"), by and through their respective counsel of record in the above-entitled action (the "Litigation"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and the approval of the Court.

## I. THE LITIGATION

Beginning in June 2008, the Company and certain of its officers and directors were named as defendants in two class action shareholder complaints which were filed in the United States District Court for the Middle District of Tennessee, Nashville Division.

On August 8, 2008, Magistrate Judge Griffin issued an Order consolidating the actions, appointing West Palm Beach Firefighters' Pension Fund ("West Palm") as Lead Plaintiff and approving the Lead Plaintiff's selection of Lead and Liaison Counsel.

On September 22, 2008, West Palm filed its Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The Complaint alleged that Defendants violated the securities laws, specifically Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, by causing Healthways to issue materially false and misleading statements during the Class Period.

Defendants moved to dismiss the Complaint on November 12, 2008. On March 9, 2009, the Court denied Defendants' motion to dismiss in its entirety. Defendants answered the Complaint on April 17, 2009.

On June 15, 2009, West Palm moved for class certification. Defendants conducted discovery related to class certification, and opposed the motion. On October 5, 2009, the Court denied the motion for class certification on typicality grounds. On October 20, 2009, Central Laborers' Pension Fund ("Central Laborers") moved to intervene in the Litigation, and filed a motion for class certification, seeking to be appointed as the class representative. Magistrate Judge Griffin granted the motion to intervene, and Defendants thereafter conducted discovery of Central Laborers, and opposed the motion for class certification. On April 2, 2010, the Court issued an Order certifying the Class and appointing Central Laborers as the Class Representative.

On February 3, 2010, Plaintiffs and Defendants met with the Honorable Daniel Weinstein (Ret.) in an attempt to settle the Litigation. No agreement was reached during that full-day mediation, and the Litigation continued. Following additional negotiations through Judge Weinstein, Judge Weinstein made a mediator's proposal on April 26, 2010, which was accepted by Plaintiffs and Defendants.

## II. DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation and Defendants believe that the evidence developed to date fails to support Plaintiffs' claims. Defendants also have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.

Defendants further deny that Plaintiffs and the Class have suffered damages and that the price of Healthways securities was artificially inflated during the Class Period as the result of any alleged misrepresentations, omissions, or otherwise by Defendants. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and

- 2 -

conditions set forth in this Stipulation, in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs believe that the settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class, and that the settlement provided for herein is fair, reasonable, and adequate.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and each of the respective Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation, shall be finally, fully, and forever compromised, settled, and

released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

## 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" means all purchasers of the securities of Healthways between July 5, 2007 and August 25, 2008, inclusive. Excluded from the Class are the Defendants and all members of the families of Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor. Also excluded from the Class are any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in which any such excluded Person has a controlling interest; the legal representatives, heirs, successors and assigns of any such excluded person or entity; and those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.4 "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in ¶1.3 of the Stipulation.

1.5 "Class Period" means the period July 5, 2007 through August 25, 2008, inclusive.

1.6 "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.7 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.8 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under

- 4 -

Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed and/or if an appeal is taken, three (3) business days after the determination and disposition of that motion and/or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Plan of Allocation and/or application for or award of attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.9 "Healthways" means Healthways, Inc. and its subsidiaries, divisions, affiliates, joint ventures, predecessors, and successors.

1.10 "Individual Defendants" means Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor.

1.11 "Judgment" means the judgment to be rendered by the Court, substantially in the form and content attached hereto as Exhibit B.

1.12 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.13 "Liaison Counsel" means Barrett, Johnston & Parsley.

1.14 "Notice Order" means the order described in ¶3.1 hereof.

- 5 -

1.15 "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

1.17 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.18 "Related Parties" as to Healthways, Inc. or any subsidiary or division of Healthways, Inc. means each of that entity's past, present, or future directors, officers, employees, partners, members, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, underwriters, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, privies, related or affiliated corporations or entities, and any entity in which Healthways, Inc. or any of its subsidiaries or divisions has a controlling interest. "Related Parties" as to the Individual Defendants shall also include members of an Individual Defendant's immediate family, present or former spouses, heirs, executors, administrators, agents, insurers, reinsurers, attorneys, personal or legal representatives, successors, assigns, any entity in which an Individual Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or

- 6 -

521496_1

indirectly), and any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or members of his/her immediate family.

1.19 "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined in ¶1.23 hereof) and causes of action of every nature and description whatsoever, in law or equity, and regardless of upon what legal theory based, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed, contingent, or absolute, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed whether class and/or individual in nature that (a) Plaintiffs or any Class Member asserted, could have asserted, or in the future could or might have asserted in this Litigation against any of the Released Persons, or (b) that could have been asserted in this Litigation, or any other action, court, tribunal, proceeding or forum by Plaintiffs and/or any Class Member against any of the Released Persons arising out of or relating in any manner to the purchase of Healthways securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged in the Litigation.

1.20 "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

1.21 "Settlement Fund" means the principal amount of Twenty-Three Million Six Hundred Thousand Dollars ($23,600,000.00) in cash, to be paid pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.22 "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and each of the Class Members.

1.23 "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have by operation of the Judgment expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

- 8 -

Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2. The Settlement**

**a. The Settlement Fund**

2.1    In full settlement of the Released Claims, within thirty (30) calendar days of the date of entry of the Notice Order (the "Funding Date"), Healthways, on behalf of itself and the Individual Defendants, shall cause its directors and officers liability insurer(s) to pay or cause to be paid the Settlement Fund into a separate interest-bearing account maintained by the Escrow Agent, provided that Lead Counsel provide to Defendants' counsel the payee name, payee address, and federal tax identification number for the payment at least thirty (30) calendar days prior to the Funding Date.

2.2    Other than any cost or expense to be incurred by Healthways in providing Healthways' transfer records to the Claims Administrator, all fees, costs, and expenses incurred by or on behalf of Plaintiffs and the Class associated with the settlement, including but not limited to Taxes, Tax Expenses, any administrative costs and costs of providing notice of the settlement to Class Members, and any award of attorneys' fees and expenses of Plaintiffs' Counsel, shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

2.3    Other than any cost or expense to be incurred by Healthways in providing Healthways' transfer records to the Claims Administrator, the payment described in ¶2.1 is the only payment to be made by or on behalf of Defendants in connection with the settlement of the Released Claims.

- 9 -

### b. The Escrow Agent

2.4     The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, which are held by a national bank, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all risks related to investment of the Settlement Fund.

2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.6     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of the Stipulation.

2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.8     Within five (5) calendar days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it. The Notice and Administration Fund may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. The Notice and Administration Fund shall also be invested and earn interest as provided for in ¶2.4 of this Stipulation.

**c.    Taxes**

2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including, if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)    All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs

- 11 -

521496_1
Case 3:08-cv-00569   Document 231   Filed 05/21/10   Page 12 of 31 PageID #: 6433

incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Fund and Escrow Agent shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants, or prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

(d)     For the purpose of this ¶2.9, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

2.10     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses

- 12 -

and Taxes and Tax Expenses incurred or due and owing in connection with the settlement provided for herein shall be refunded to the individual or entity making the contribution as provided in ¶7.3 below.

### 3. Notice Order and Settlement Hearing

3.1 As soon as practicable after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release form substantially in the forms of Exhibits A-1 and A-2 attached hereto, and publication of a Summary Notice substantially in the form of Exhibit A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

3.2 Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4. Releases, Judgment Credit, and Covenant Not to Sue

4.1 Upon the Effective Date, as defined in ¶1.6 hereof, the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the foregoing waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of

521496_1

the California Civil Code, was bargained for and is a key element of the settlement of which the release in this paragraph is a part.

4.2     The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, as defined in ¶1.6 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

4.4     Upon the Effective Date, as defined in ¶1.6 hereof, Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, agree to the dismissal with prejudice of the Litigation and are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

4.5     Plaintiffs and each of the Class Members agree and covenant not to file or pursue any Released Claim against Defendants between the date of this Stipulation and the Effective Date. The Settling Parties agree that, if the settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on passage of time.

**5.  Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1   The Claims Administrator shall administer and calculate the claims submitted by Class Members and will be subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require.

5.2   The Settlement Fund shall be applied as follows:

(a)   to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and Plaintiffs' reimbursement of expenses pursuant to 15 U.S.C. §78u-4(a)(4) when, if and to the extent allowed by the Court;

(b)   to pay all the costs and expenses reasonably and actually incurred in connection with publication and distribution of the Notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)   to pay the Taxes and Tax Expenses described in ¶2.9 hereof; and

(d)   to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3   Defendants will have no involvement in, or responsibility for, reviewing or challenging claims.

5.4   Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.5   Within ninety (90) days after such time as set by the Court to mail notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims

- 15 -

Administrator a completed Proof of Claim and Release form, substantially in a form contained in Exhibit A-2 attached hereto and as approved by the Court, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to the Authorized Claimant.

5.6     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who cashed or deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to the Legal Aid Society of Middle Tennessee and the Cumberlands.

5.8     This is not a claims-made settlement. Accordingly, once all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers. Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement

- 16 -

Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.9     No Person shall have any claim against Plaintiffs, the Escrow Agent, Plaintiffs' Counsel, Defendants, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, a Court-approved Plan of Allocation, or further order(s) of the Court.

5.10    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6.     Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees from the Settlement Fund; plus (b) payment of expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.  In addition, Plaintiffs may seek reimbursement from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) for their time and expenses incurred in representing the Class. Defendants shall take no position with respect to any fee or expense request.

- 17 -

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  Lead Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest earned thereon in an amount consistent with such reversal or modification.  Plaintiffs' Counsel and their law firms shall be jointly and severally liable for such repayment and the Judgment shall specify or incorporate provisions that specify that each firm that receives any portion of the award of fees and expenses, and each partner, shareholder, or member of that firm, shall be jointly and severally liable for repayment should the award need to be refunded as set forth herein. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.  Without limitation, each such law firm and its partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings or sanctions for contempt, against them or any of them should such law firm fail to timely repay fees and expenses pursuant to this paragraph.  In the event the refund is not made in a timely manner after written notification, Defendants shall be entitled to

- 18 -

an award of all reasonable fees and expenses incurred by them in pursuing legal action to collect the refund.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees of experts and consultants, and any application by Plaintiffs for reimbursement of time and expenses, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund.

6.5     Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the contribution to the Settlement Fund as required by ¶2.1 hereof;

(b)     the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

- 19 -

(c)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.8 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.10 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.8 hereof or are determined to be chargeable to the Notice and Administration Fund including Taxes and Tax Expenses, shall be refunded by the Escrow Agent to the Persons contributing to it based upon the amounts initially contributed by each. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Persons contributing to the Settlement Fund.

7.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 27, 2010.

- 20 -

In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 2.9, 2.10, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 7.3 hereof.

7.6    If prior to the Settlement Hearing, the aggregate number of shares of Healthways securities purchased by Persons who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have, in their sole and absolute discretion (which must be unanimously exercised), the option to withdraw or terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed in camera to the Court for purposes of approval of the settlement, but such disclosure shall be carried out to the fullest extent

- 21 -

possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

**8.     No Admission of Wrongdoing**

8.1     This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)     offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Class Member as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)     construed against Defendants, Plaintiffs, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

- 22 -

## 9.  Miscellaneous Provisions

9.1  The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2  This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitutes the entire agreement between the Settling Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

9.3  No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided for herein, each party shall bear his, her, or its own costs.

9.4  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

- 23 -

9.5     Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.10     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11     The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by e-mail in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.12     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.15    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.16    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Tennessee, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Tennessee without giving effect to that state's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated May 21, 2010.

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT
DOUGLAS S. JOHNSTON, JR.
TIMOTHY L. MILES
217 Second Avenue North
Nashville TN 37201
Telephone: 615/244-2202
615/252-3798 (fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
THOMAS E. EGLER
ELLEN GUSIKOFF STEWART
JOHN J. RICE
SCOTT H. SAHAM
JESSICA T. SHINNEFIELD
MATTHEW I. ALPERT

ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com
elleng@rgrdlaw.com
jrice@rgrdlaw.com
scotts@rgrdlaw.com
jshinnefield@rgrdlaw.com
malpert@rgrdlaw.com

Lead Counsel for Plaintiffs

- 26 -

DYER & BERENS LLP
JEFFREY A. BERENS
ROBERT J. DYER III
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
jeff@dyerberens.com
bob@dyerberens.com

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
MARSHALL DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Plaintiffs

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Attorneys for Intervenor Plaintiff Central
Laborers Pension Fund

ALSTON & BIRD, LLP
JOHN L. LATHAM
SUSAN E. HURD

_John L. Latham_ /snd/

JOHN L. LATHAM

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404/881-7000
404/881-7777 (fax)
john.latham@alston.com
susan.hurd@alston.com

BASS, BERRY & SIMS, P.L.C.
WALLACE W. DIETZ
BRIAN D. ROARK
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: 615/742-6200
615/742-7729 (fax)
wdietz@bassberry.com
broark@bassberry.com

Attorneys for Defendants

- 28 -

# CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of May, 2010, the foregoing STIPULATION OF

SETTLEMENT was filed electronically with the Clerk of Court to be served by operation of the

Court's electronic filing system upon the following:

**George Edward Barrett**
**Douglas J. Johnston, Jr.**
**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
lbrock@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

**Robert J. Dyer , III**
**Jeffrey A. Berens**
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
303/861-1764
303/395-0393(Fax)
bob@dyerberens.com
jeff@dyerberens.com

**Marshall Dees**
**Corey D. Holzer**
**Michael I. Fistel, Jr.**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mdees@holzerlaw.com
cholzer@holzerlaw.com
mfistel@holzerlaw.com

**Wallace Wordsworth Dietz**
**Brian D. Roark**
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615/742-6200
615/742-7729 (Fax)
wdietz@bassberry.com
broark@bassberry.com

**Darren J. Robbins**
**Thomas E. Egler**
**Ellen Gusikoff Stewart**
**John J. Rice**
**Scott H. Saham**
**Jessica Shinnefield**
**Matthew I. Alpert**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
619/231-1058
619/231-7423 (Fax)
e_file_sd@rgrdlaw.com
tegler@rgrdlaw.com

**John L. Latham**
**Susan E. Hurd**
**Elizabeth P. Skola**
**Mark D. Trainer**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
john.latham@alston.com
susan.hurd@alston.com
elizabeth.skola@alston.com
angie.knowles@alston.com
mark.trainer@alston.com

elleng@rgrdlaw.com
jrice@rgrdlaw.com
scotts@rgrdlaw.com
jshinnefield@rgrdlaw.com
malpert@rgrdlaw.com

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
631/367-7100
631/367-1173 (Fax)
srudman@rgrdlaw.com

**Ramzi Abadou**
Barroway Topaz Kessler Meltzer
  & Check, LLP
580 California Street, Suite 1750
San Francisco, CA 94104
415/400-3000
415/400-3001 (fax)
rabadou@gmail.com

**D Seamus Kaskela**
**David M. Promisloff**
Barroway Topaz Kessler Meltzer
  & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)
skaskela@btkmc.com
dpromisloff@btkmc.com

**Patrick J. O'Hara**
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL 62701
217/544-1771
217/544-9894 (fax)
patrick@cavanagh-ohara.com

**Paul Kent Bramlett**
**Robert P. Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on May 21, 2010.

*s/ Ellen Gusikoff Stewart*
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: elleng@rgrdlaw.com

523775_1                                                                          **30**

Case 3:08-cv-00569   Document 231   Filed 05/21/10   Page 31 of 31 PageID #: 6452