UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHWAYS INC., et al.,<br><br>Defendants. | Civil Action No. 3:08-cv-00569<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>Judge Todd J. Campbell<br>Magistrate Judge Juliet Griffin<br><br>PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF |

TABLE OF CONTENTS

|      |                                                      | Page |
|------|------------------------------------------------------|------|
| I.   | INTRODUCTION                                         | 1    |
| II.  | HISTORY OF THE LITIGATION                            | 2    |
| III. | THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL | 3    |
| IV.  | THE PROPOSED NOTICE PROGRAM IS APPROPRIATE           | 6    |
| V.   | SCHEDULE OF EVENTS                                   | 7    |
| VI.  | CONCLUSION                                           | 8    |

## I. INTRODUCTION

Plaintiffs submit this memorandum in support of their unopposed motion for preliminary approval of the proposed settlement of this Litigation on the terms set forth in the Stipulation of Settlement dated May 21, 2010 ("Stipulation" or "Settlement"),[1] which is being filed concurrently herewith. The Settlement provides for the payment of Twenty Three Million Six Hundred Thousand Dollars ($23,600,000) in cash. The Settlement is the result of arm's-length negotiations between the parties, with the assistance of the Honorable Daniel Weinstein (Ret.). The Settlement would resolve Plaintiffs' claims against all Defendants.

The parties now ask this Court to enter an order: (a) granting preliminary approval of the proposed Settlement; (b) approving the parties' proposed form and method for giving notice of the pendency of this action and the Settlement to the Class; (c) directing that the Notice be given to Class Members as approved by the Court; (d) approving the publication of a Summary Notice; and (e) scheduling a hearing at which the Court considers: (i) the parties' request for final approval of the Settlement and entry of the proposed Final Judgment and Order of Dismissal with Prejudice; (ii) the Plan of Allocation of Settlement proceeds; and (iii) Lead Counsel's application for an award of attorneys' fees and expenses, plus reimbursement pursuant to 15 U.S.C. §78u-4(a)(4) to the Plaintiffs for their time and expenses (including lost wages) incurred in representing the Class.

A suggested form of Order approving this motion for preliminary approval is submitted herewith.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation.

## II. HISTORY OF THE LITIGATION

Beginning in June 2008, the Company and certain of its officers and directors were named as defendants in two class action shareholder complaints which were filed in the United States District Court for the Middle District of Tennessee, Nashville Division.

On August 8, 2008, Magistrate Judge Griffin issued an Order consolidating the actions, appointing West Palm Beach Firefighters' Pension Fund ("West Palm") as Lead Plaintiff and approving the Lead Plaintiff's selection of Lead and Liaison Counsel.

On September 22, 2008, West Palm filed its Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The Complaint alleged that Defendants violated the securities laws, specifically Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, by causing Healthways to issue materially false and misleading statements during the Class Period.

Defendants moved to dismiss the Complaint on November 12, 2008. On March 9, 2009, the Court denied Defendants' motion to dismiss in its entirety. Defendants answered the Complaint on April 17, 2009.

On June 15, 2009, West Palm moved for class certification. Defendants conducted discovery related to class certification, and opposed the motion. On October 5, 2009, the Court denied the motion for class certification on typicality grounds. On October 20, 2009, Central Laborers' Pension Fund ("Central Laborers") moved to intervene in the Litigation, and filed a motion for class certification, seeking to be appointed as the class representative. Magistrate Judge Griffin granted the motion to intervene, and Defendants thereafter conducted discovery of Central Laborers, and opposed the motion for class certification. On April 2, 2010, the Court issued an Order certifying the Class and appointing Central Laborers as the Class Representative.

- 2 -
523922_1
Case 3:08-cv-00569   Document 232   Filed 05/21/10   Page 4 of 13 PageID #: 6516

On February 3, 2010, Plaintiffs and Defendants met with the Honorable Daniel Weinstein (Ret.) in an attempt to settle the Litigation. No agreement was reached during that full-day mediation, and the Litigation continued. Following additional negotiations through Judge Weinstein, Judge Weinstein made a mediator's proposal on April 26, 2010, which was accepted by Plaintiffs and Defendants. Plaintiffs and Defendants then negotiated the specific terms of the Stipulation, which was executed on May 21, 2010.

## III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes. This is especially true in complex class actions such as this. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981).

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis. At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed Settlement and will be asked to make a determination as to whether the Settlement is fair, reasonable, and adequate, under all of the circumstances. At this juncture, however, the parties request only preliminary approval of the Settlement.

In determining whether preliminary approval is warranted, the sole issue is whether the proposed Settlement is within the range of what might be found fair, reasonable, and adequate, so that notice of the proposed Settlement may be given to Class Members and a hearing scheduled to consider final Settlement approval. *Miracle v. Bullitt County*, No. 05-130-C, 2008 U.S. Dist. LEXIS 62603, at *15 (W.D. Ky. Aug. 15, 2008) (quoting *Manual for Complex Litigation* §21.62, at 315 (4th ed. 2004)); *see also Manual for Complex Litigation*, *supra*, §13.14, at 173 ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

The parties are now requesting this Court to take the first step in this process and grant preliminary approval of the proposed Settlement. The proposed Settlement satisfies the standard for approval. The Settlement provides an immediate and substantial benefit of Twenty Three Million Six Hundred Thousand Dollars ($23,600,000) in cash for the benefit of the Class. Given the complexities of this Litigation and the substantial risks of continued litigation, the Settlement represents a very good resolution of this Litigation and eliminates the risk that the Class might not otherwise recover if the Litigation were to continue.

Moreover, reference to factors considered by courts in granting final approval of class action settlements lend support to the proposition that the Settlement is well within the range of possible approval. *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 370 (S.D. Ohio 1990). *Accord Miracle*, 2008 U.S. Dist. LEXIS 62603, at *14-*15; *Robinson v. Ford Motor Co.*, No. 1:04-CV-00844, 2005 U.S. Dist. LEXIS 11673, at *10 (S.D. Ohio June 15, 2005). Absent any obvious deficiencies, the Court should preliminarily approve the Settlement, and direct that notice of a formal fairness hearing under Rule 23(e) be given to Class Members. *Miracle*, 2008 U.S. Dist. LEXIS 62603, at *15 (citation omitted).

First, the terms of the proposed Settlement are the product of arm's-length negotiations between the parties, with the assistance of Judge Weinstein. During these negotiations, Lead Counsel zealously advanced Plaintiffs' position and was fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of the Class. Likewise, Defendants, through their counsel, zealously advanced their position and were fully prepared to continue to litigate rather than accept a settlement that was not in their best interest. Plaintiffs, through their counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence pertaining to the claims asserted against Defendants, the likelihood of prevailing on these claims, the risk,

expense and duration of continued litigation, and any appeals and subsequent proceedings has concluded that the Settlement is fair, reasonable, and adequate and in the best interest of the Class.

Second, Lead Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous other substantial class action settlements throughout the country. It is well established that significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class. *See Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983).[2]

Finally, the claims asserted in the Litigation have merit. Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeals. Lead Counsel also has taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel also is mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Litigation. The Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on its evaluation, Lead Counsel has determined that the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of all of the Settling Parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). As the Fifth Circuit noted in *Cotton*:

---

[2] *Accord Lake v. First Nationwide Bank*, 900 F. Supp. 726, 732 (E.D. Pa. 1995); *see also Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (court "should be hesitant to substitute its own judgment for that of counsel"); *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (finding that the quality of the representation provided to the class is "significant" in determining that the settlement was "fair, reasonable and adequate"); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993) (finding that views of experienced counsel are "'entitled to great weight'") (citation omitted).

> The trial court should not make a proponent of a proposed settlement "justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained . . . ."

559 F.2d at 1330 (citation omitted).

While Plaintiffs believe the Settlement merits final approval, the Court need not make that determination at this time. The Court is being asked to permit notice of the terms of the Settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members of the fairness of the Settlement, the Plan of Allocation, and Lead Counsel's request for an award of fees and expenses, and the Plaintiffs' request for reimbursement of their time and expenses (including lost wages) incurred in representing the Class. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002).

## IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

The proposed Preliminary Approval Order will require the Claims Administrator (1) to notify Class Members of the Settlement by mailing a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") by First-Class Mail to all Class Members who can be identified with reasonable effort; and (2) to cause a copy of the Summary Notice to be published once in the national edition of *Investor's Business Daily*, and once over the *PR Newswire*. The proposed method of giving notice to Class Members is appropriate because it is calculated to reach the Class Members who can be identified with reasonable effort. *See Williams*, 720 F.2d at 921.

The Notice advises Class Members of the essential terms of the Settlement, sets forth the procedure and deadline for submitting objections to and requests for exclusion from the Settlement, and provides specifics on the date, time, and place of the final approval hearing. The Notice also contains information regarding Lead Counsel's Fee and Expense Application and the proposed Plan for Allocation of the Settlement proceeds among Class Members. Thus, the Notice provides the

necessary information for Class Members to make an informed decision regarding the proposed Settlement, the Notice will fairly apprise Class Members of their rights with respect to the Settlement, the Notice is, therefore, the best notice practicable under the circumstances and should be approved by the Court.

## V. SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing and publication of the Notice and Summary Notice, and deadlines for objecting to the Settlement, opting out of the Class, and filing papers in support of the Settlement. Plaintiffs propose the following schedule:

| | |
|---|---|
| Notice and the Proof of Claim mailed to Class | 14 days after the Preliminary Approval Order is signed ("Notice Date") |
| Summary Notice published | 10 days from the Notice Date |
| Deadline for objecting to the Settlement, Plan of Allocation of Settlement proceeds or attorneys' fees and expenses and for opting out of the Class | 14 days prior to the final approval hearing |
| Deadline for filing papers in support of the Settlement, Plan of Allocation of Settlement proceeds and request for an award of attorneys' fees and expenses | 21 days before the final approval hearing |
| Deadline for filing reply papers in support of the Settlement, Plan of Allocation of Settlement proceeds and request for an award of attorneys' fees and expenses | 7 days before the final approval hearing |
| Final approval hearing | At the Court's convenience, approximately 75 days after the Notice Date |
| Deadline for filing Proof of Claim forms | 90 days after the Notice Date |

## VI. CONCLUSION

For the reasons set forth above, the proposed Settlement warrants this Court's preliminary approval.

DATED: May 21, 2010

Respectfully submitted,

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT
DOUGLAS S. JOHNSTON, JR.
TIMOTHY L. MILES
217 Second Avenue North
Nashville TN 37201
Telephone: 615/244-2202
615/252-3798 (fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
THOMAS E. EGLER
ELLEN GUSIKOFF STEWART
JOHN J. RICE
SCOTT H. SAHAM
JESSICA T. SHINNEFIELD
MATTHEW I. ALPERT

*s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com
elleng@rgrdlaw.com
jrice@rgrdlaw.com
scotts@rgrdlaw.com
jshinnefield@rgrdlaw.com
malpert@rgrdlaw.com

Lead Counsel for Plaintiffs

- 8 -

DYER & BERENS LLP
JEFFREY A. BERENS
ROBERT J. DYER III
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)
jeff@dyerberens.com
bob@dyerberens.com

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
MARSHALL DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mfistel@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Plaintiffs

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Attorneys for Intervenor Plaintiff Central
Laborers Pension Fund

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of May, 2010, the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**George Edward Barrett**
**Douglas J. Johnston, Jr.**
**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
lbrock@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

**Robert J. Dyer, III**
**Jeffrey A. Berens**
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
303/861-1764
303/395-0393(Fax)
bob@dyerberens.com
jeff@dyerberens.com

**Marshall Dees**
**Corey D. Holzer**
**Michael I. Fistel, Jr.**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mdees@holzerlaw.com
cholzer@holzerlaw.com
mfistel@holzerlaw.com

**Wallace Wordsworth Dietz**
**Brian D. Roark**
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615/742-6200
615/742-7729 (Fax)
wdietz@bassberry.com
broark@bassberry.com

**Darren J. Robbins**
**Thomas E. Egler**
**Ellen Gusikoff Stewart**
**John J. Rice**
**Scott H. Saham**
**Jessica Shinnefield**
**Matthew I. Alpert**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
619/231-1058
619/231-7423 (Fax)
e_file_sd@rgrdlaw.com
tegler@rgrdlaw.com

**John L. Latham**
**Susan E. Hurd**
**Elizabeth P. Skola**
**Mark D. Trainer**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
john.latham@alston.com
susan.hurd@alston.com
elizabeth.skola@alston.com
angie.knowles@alston.com
mark.trainer@alston.com

10

elleng@rgrdlaw.com
jrice@rgrdlaw.com
scotts@rgrdlaw.com
jshinnefield@rgrdlaw.com
malpert@rgrdlaw.com

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
631/367-7100
631/367-1173 (Fax)
srudman@rgrdlaw.com

**Ramzi Abadou**
Barroway Topaz Kessler Meltzer
 & Check, LLP
580 California Street, Suite 1750
San Francisco, CA 94104
415/400-3000
415/400-3001 (fax)
rabadou@gmail.com

**Patrick J. O'Hara**
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL 62701
217/544-1771
217/544-9894 (fax)
patrick@cavanagh-ohara.com

**Paul Kent Bramlett**
**Robert P. Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

**D Seamus Kaskela**
**David M. Promisloff**
Barroway Topaz Kessler Meltzer
 & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)
skaskela@btkmc.com
dpromisloff@btkmc.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 21, 2010.

*s/ Ellen Gusikoff Stewart*
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: elleng@rgrdlaw.com