UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>HEALTHWAYS INC., et al.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:08-cv-00569<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge Todd J. Campbell<br>Magistrate Judge Juliet Griffin<br><br>[PROPOSED] ORDER PRELIMINARILY<br>APPROVING SETTLEMENT AND<br>PROVIDING FOR NOTICE |

WHEREAS, a consolidated securities class action is pending before the Court entitled *Beach v. Healthways Inc., et al.*, Civil Action No. 3:08-cv-00569 (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated May 21, 2010 (the "Stipulation"), that has been entered into by Plaintiffs Central Laborers' Pension Fund and West Palm Beach Firefighters' Pension Fund (collectively, "Plaintiffs") and Defendants Healthways, Inc., Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor (the "Defendants," collectively with Plaintiffs, the "Parties"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Parties, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise specified all capitalized or defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Central Laborers' Pension Fund and West Palm Beach Firefighters' Pension Fund as class representatives for the Class.  Robbins Geller Rudman & Dowd LLP is hereby appointed as Lead Counsel for the Class.

2.      The Court hereby preliminarily approves the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

- 1 -

3. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2010, at ___ a.m., at the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building and United States Courthouse, 801 Broadway, Nashville, Tennessee 37203, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine whether the expenses of Plaintiffs should be reimbursed. The Court may adjourn the Settlement Hearing without further notice to Class Members.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than _____, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits

- 2 -

A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort;

        (b)     Not later than ten (10) days from the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

        (c)     Prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

       6.     The Defendants shall cause Healthways' transfer records to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Healthways securities during the Class Period as record owners but not as beneficial owners. Nominees who purchased Healthways securities for the benefit of another Person during the Class Period shall be requested to send the Notice and the Proof of Claim to all such beneficial owners within ten (10) days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

       7.     Any Person falling within the definition of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, unless such

Person requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall sign and mail the request in written form by first-class mail postmarked no later than _____, 2010 [14 calendar days prior to Settlement Hearing] to the address designated in the Notice. Such request for exclusion shall clearly state: (a) the name, address, and telephone number of the Person seeking exclusion; (b) each of the Person's transactions in Healthways securities during the Class Period, including the date(s) of purchase or sale, the number(s) and type(s) of shares purchased and/or sold, and the price(s) paid or received for each such purchase or sale; and (c) that the Person requests to be excluded from the Class. Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

8. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than _____, 2010 [ninety (90) days from the Notice Date]. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

9. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending

- 4 -

final determination of whether the settlement should be approved, neither the Plaintiffs, nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11.     Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or the expenses of Plaintiffs reimbursed; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs or Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are filed with the Clerk of the United States District Court for the Middle District of Tennessee, Nashville Division, on or before _____, 2010 [14 days prior to Settlement Hearing]; and copies of said objections, papers, and briefs are also served upon Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101; and John L. Latham, Alston & Bird, LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or the expenses of Plaintiffs, unless otherwise ordered by the Court.

- 5 -

12. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All motions and papers in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees or expenses or Plaintiffs' expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing, and all reply papers in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

15. Neither Defendants nor their Related Parties shall have any responsibility for, or liability whatsoever with respect to, notice procedures, the investment, administration, or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or processing of claims, the Net Settlement Fund or any funds held by the Escrow Agent, the payment or withholding of Taxes, any losses incurred in connection therewith, any application for attorneys' fees or expenses submitted by Lead Counsel, Plaintiffs, or Plaintiffs' Counsel, or any allocation of the Fee and Expense Award by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees and expenses shall be approved.

521542_1

17.     All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administration.

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

19.     If: (a) the settlement is terminated by Defendants pursuant to ¶7.6 of the Stipulation; or (b) any specified condition to the settlement set forth in the Stipulation is not satisfied and Lead Counsel or counsel for the Defendants elects to terminate the settlement as provided in ¶7.2 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

IT IS SO ORDERED.

DATED: _____     _____
                                  THE HONORABLE TODD J. CAMPBELL
                                  CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| HEALTHWAYS INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

Civil Action No. 3:08-cv-00569
**(Consolidated)**

CLASS ACTION

Judge Todd J. Campbell
Magistrate Judge Juliet Griffin

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO:     ALL PERSONS WHO PURCHASED HEALTHWAYS, INC. ("HEALTHWAYS" OR THE "COMPANY") SECURITIES DURING THE PERIOD BETWEEN JULY 5, 2007 AND AUGUST 25, 2008, INCLUSIVE ("CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2010.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee, Nashville Division (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  The settlement resolves the Class's claims against Healthways, Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor (collectively, "Defendants").  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $23,600,000 in cash and will include interest that accrues on the fund prior to distribution.  Based on Lead Counsel's estimate of the number of shares entitled to participate in the settlement and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased Healthways securities during the Class Period, would be approximately $0.91 before deduction of Court-approved fees and expenses.  Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of shares they purchased, the number and

- 1 -

type of shares of Healthways securities you purchased, the expense of administering the claims process, and the timing of your purchases and sales, if any (see the Plan of Allocation below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Plaintiffs had prevailed on each claim asserted. The issues on which the parties disagree include: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Healthways securities at various times during the Class Period; (3) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of Healthways securities at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Healthways securities at various times during the Class Period; (5) the effect of various market forces influencing the trading price of Healthways securities at various times during the Class Period; (6) the amount by which Healthways securities were allegedly artificially inflated (if at all) during the Class Period; and (7) the appropriate economic model for determining the amount by which Healthways securities were allegedly artificially inflated (if at all) during the Class Period.

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that Plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, or general

economic factors. Defendants would also assert that throughout the Class Period the uncertainties and risks associated with Healthways' business and financial condition were fully and adequately disclosed.

Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the settlement proceeds plus expenses not to exceed $900,000, both to be paid from the Settlement Fund. If the amount requested by counsel is approved by the Court, the average cost per share would be approximately $0.31.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900. Please do not call any representative of the Defendants or the Court.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing (the "Settlement Hearing") will be held on _____, 2010, at __:__ __.m., before the Honorable Todd J. Campbell, Chief United States District Judge, at the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building and United States Courthouse, 801 Broadway, Nashville, Tennessee 37203. The purpose of the Settlement Hearing will be to determine: (1) whether the settlement consisting of $23,600,000 in cash plus accrued interest should be approved as fair, reasonable, and adequate to each of the Settling Parties; (2) whether the proposed plan to distribute the settlement proceeds (the

- 3 -

"Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses and for reimbursement of Plaintiffs' expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.    "Class" means all purchasers of the securities of Healthways between July 5, 2007 and August 25, 2008, inclusive. Excluded from the Class are the Defendants and all members of the families of Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor. Also excluded from the Class are any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in which any such excluded Person has a controlling interest; the legal representatives, heirs, successors and assigns of any such excluded Person or entity; and those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

4.    "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in paragraph 1.3 of the Stipulation.

5.    "Class Period" means the period July 5, 2007 through August 25, 2008, inclusive.

6.    "Effective Date" means the first date by which all of the events and conditions specified in paragraph 7.1 of the Stipulation have been met and have occurred.

7.    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

8.    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached to the Stipulation, shall occur: (i) the

- 4 -

expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed and/or if an appeal is taken, three (3) business days after the determination and disposition of that motion and/or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Plan of Allocation and/or application for or award of attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

9.    "Healthways" means Healthways, Inc. and its subsidiaries, divisions, affiliates, joint ventures, predecessors, and successors.

10.    "Individual Defendants" means Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor.

11.    "Judgment" means the judgment to be rendered by the Court, substantially in the form and content attached as Exhibit B to the Stipulation.

12.    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP or its successor(s).

13.    "Liaison Counsel" means Barrett, Johnston & Parsley.

- 5 -

14.     "Notice Order" means the order described in paragraph 3.1 to the Stipulation.

15.     "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability company, association, joint venture, joint venturer, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

16.     "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

17.     "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

18.     "Related Parties" as to Healthways, Inc. or any subsidiary or division of Healthways, Inc. means each of that entity's past, present, or future directors, officers, employees, partners, members, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, underwriters, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, privies, related or affiliated corporations or entities, and any entity in which Healthways, Inc. or any of its subsidiaries or divisions has a controlling interest. "Related Parties" as to the Individual Defendants shall also include members of an Individual Defendant's immediate family, present or former spouses, heirs, executors, administrators, agents, insurers, reinsurers, attorneys, personal or legal representatives, successors, assigns, any entity in which an Individual Defendant and/or any

- 6 -

member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly), and any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or members of his/her immediate family.

19.  "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined in paragraph 23 hereof) and causes of action of every nature and description whatsoever, in law or equity, and regardless of upon what legal theory based, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed, contingent or absolute, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed whether class and/or individual in nature that (a) Plaintiffs or any Class Member asserted, could have asserted, or in the future could or might have asserted in this Litigation against any of the Released Persons, or (b) that could have been asserted in this Litigation, or any other action, court, tribunal, proceeding or forum by Plaintiffs and/or any Class Member against any of the Released Persons arising out of or relating in any manner to the purchase of Healthways securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged in the Litigation.

20.  "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

21.  "Settlement Fund" means the principal amount of Twenty-Three Million Six Hundred Thousand Dollars ($23,600,000.00) in cash, to be paid pursuant to paragraph 2.1 of the Stipulation, plus all interest earned thereon.

22.     "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and each of the Class Members.

23.     "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have by operation of the Judgment expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

- 8 -

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III. THE LITIGATION

Beginning in June 2008, the Company and certain of its present and former officers and directors were named as defendants in two class action shareholder complaints which were filed in the United States District Court for the Middle District of Tennessee, Nashville Division.

On August 8, 2008, Magistrate Judge Griffin issued an Order consolidating the actions, appointing West Palm Beach Firefighters' Pension Fund ("West Palm") as Lead Plaintiff and approving the Lead Plaintiff's selection of Lead and Liaison Counsel.

On September 22, 2008, West Palm filed its Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The Complaint alleged that Defendants violated the securities laws, specifically Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, by causing Healthways to issue materially false and misleading statements during the Class Period.

Defendants moved to dismiss the Complaint on November 12, 2008. On March 9, 2009, the Court denied Defendants' motion to dismiss in its entirety. Defendants answered the Complaint on April 17, 2009.

On June 15, 2009, West Palm moved for class certification. Defendants conducted discovery related to class certification, and opposed the motion. On October 5, 2009, the Court denied the motion for class certification on typicality grounds. On October 20, 2009, Central Laborers' Pension Fund ("Central Laborers") moved to intervene in the Litigation, and filed a motion for class

- 9 -

certification, seeking to be appointed as the class representative. Magistrate Judge Griffin granted the motion to intervene, and Defendants thereafter conducted discovery on Central Laborers and opposed the motion for class certification. On April 2, 2010, the Court issued an Order certifying the Class and appointing Central Laborers as the Class Representative.

On February 3, 2010, Plaintiffs and Defendants met with the Honorable Daniel Weinstein (Ret.) in an attempt to settle the Litigation. No agreement was reached during that full-day mediation, and the Litigation continued. Following additional negotiations through Judge Weinstein, Judge Weinstein made a mediator's proposal on April 26, 2010, which was accepted by Plaintiffs and Defendants.

## IV.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs believe that the settlement set forth in the Stipulation of Settlement dated May 21, 2010 (the "Stipulation") confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class, and that the settlement provided for therein is fair, reasonable, and adequate.

## V. THE DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation and Defendants believe that the evidence developed to date fails to support Plaintiffs' claims. Defendants also have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.

Defendants further deny that Plaintiffs and the Class have suffered damages and that the price of Healthways securities was artificially inflated during the Class Period as the result of any alleged misrepresentations, omissions, or otherwise by Defendants. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation, in order to limit further expense, inconvenience and distraction, and to dispose of the burden of protracted litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The amount of $23,600,000 has been transferred to an interest-bearing escrow account under the control of the Escrow Agent. This principal amount of $23,600,000 in cash, plus any accrued interest, shall constitute the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Plaintiffs' Counsel as attorneys' fees and for expenses

- 11 -

incurred in reaching the settlement. In addition, Plaintiffs may seek reimbursement of their expenses including lost wages, in an amount not to exceed $15,000 in the aggregate, incurred in representing the Class. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.    PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Healthways securities during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have consulted with their damage consultants. The Plan of Allocation reflects an assessment of the damages that may have been recovered under the Securities Exchange Act of 1934.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Healthways securities during the Class Period are subtracted

- 12 -

from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

A claim shall be calculated as follows:

**Healthways, Inc.**
July 5, 2007 – August 25, 2008

The allocation below is based on the following estimated inflation per share amounts for Class Period common stock purchases and sales as well as the statutory PSLRA 90-day look-back amount of $13.35:

| Inflation Period | Inflation per Share |
|---|---|
| July 5, 2007 – October 17, 2007 | $8.27 |
| October 18, 2007 – December 19, 2007 | $12.60 |
| December 20, 2007 – January 6, 2008 | $17.08 |
| January 7, 2008 | $23.11 |
| January 8, 2008 – January 29, 2008 | $25.82 |
| January 30, 2008 – February 11, 2008 | $17.93 |
| February 12, 2008 – February 25, 2008 | $14.22 |
| February 26, 2008 – August 22, 2008 | $4.16 |
| August 23, 2008 – August 25, 2008 | $0.00 |

For shares of Healthways common stock *purchased on or between July 5, 2007 and August 25, 2008*, the recovery per share shall be as follows:

a) If sold on or between July 5, 2007 and August 25, 2008, the recovery per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price per share and the sales price per share;

b) If retained at the end of August 25, 2008 and sold before November 21, 2008, the recovery per share shall be the lesser of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price per share and the sales price per share; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

- 13 -

c) If retained on November 21, 2008, or sold thereafter, the recovery per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price per share and $13.35 per share.

## CALL OPTIONS

1.      For call options on Healthways common stock *purchased from July 5, 2007 through August 25, 2008*, and

a)  *held* at the end of any of the following days:  January 29, 2008, February 11, 2008, February 25, 2008 and/or August 22, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

b)  *not held* at the end of any of the following days:  January 29, 2008, February 11, 2008, February 25, 2008 and/or August 22, 2008, the claim per call option is $0.

2.      For call options on Healthways common stock *written from July 5, 2007 through August 25, 2008*, and

a)  *held* at the end of any of the following days:  October 17, 2007, December 19, 2007, January 6, 2008 and/or January 7, 2008, the claim per call option is the difference between the price paid upon settlement of the call option contract less the initial proceeds received upon the sale of the call option contract;

b)  *not held* at the end of any of the following days: October 17, 2007, December 19, 2007, January 6, 2008 and/or January 7, 2008, the claim per call option is $0.

- 14 -

# PUT OPTIONS

1.      For put options on Healthways common stock *written from July 5, 2007 through August 25, 2008*, and

a) *held* at the end of any of the following days: January 29, 2008, February 11, 2008, February 25, 2008 and/or August 22, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

b) *not held* at the end of any of the following days: January 29, 2008, February 11, 2008, February 25, 2008 and/or August 22, 2008, the claim per put option is $0.

2.      For put options on Healthways common stock *purchased from July 5, 2007 through August 25, 2008*, and

a) *held* at the end of any of the following days: October 17, 2007, December 19, 2007, January 6, 2008 and/or January 7, 2008, the claim per put option is the difference between the price paid for the put option less the proceeds received upon the settlement of the put option contract;

b) *not held* at the end of any of the following days: October 17, 2007, December 19, 2007, January 6, 2008 and/or January 7, 2008, the claim per put option is $0.

Note: In the case the option was exercised for Healthways common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Healthways common stock's closing price on the date the option was exercised.

Note:  The combined recovery for the Put/Call Options shall not exceed 3% of the Net Settlement Fund.

2 4

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 26-Aug-08 | $19.63 | $19.63 |
| 27-Aug-08 | $19.52 | $19.58 |
| 28-Aug-08 | $19.59 | $19.58 |
| 29-Aug-08 | $19.05 | $19.45 |
| 2-Sep-08 | $19.21 | $19.40 |
| 3-Sep-08 | $19.49 | $19.42 |
| 4-Sep-08 | $18.70 | $19.31 |
| 5-Sep-08 | $18.90 | $19.26 |
| 8-Sep-08 | $19.46 | $19.28 |
| 9-Sep-08 | $19.18 | $19.27 |
| 10-Sep-08 | $19.31 | $19.28 |
| 11-Sep-08 | $18.39 | $19.20 |
| 12-Sep-08 | $18.96 | $19.18 |
| 15-Sep-08 | $18.63 | $19.14 |
| 16-Sep-08 | $18.45 | $19.10 |
| 17-Sep-08 | $17.96 | $19.03 |
| 18-Sep-08 | $17.07 | $18.91 |
| 19-Sep-08 | $16.82 | $18.80 |
| 22-Sep-08 | $17.00 | $18.70 |
| 23-Sep-08 | $16.90 | $18.61 |
| 24-Sep-08 | $17.15 | $18.54 |
| 25-Sep-08 | $16.56 | $18.45 |
| 26-Sep-08 | $16.45 | $18.36 |
| 29-Sep-08 | $15.10 | $18.23 |
| 30-Sep-08 | $16.17 | $18.15 |
| 1-Oct-08 | $16.74 | $18.09 |
| 2-Oct-08 | $15.97 | $18.01 |
| 3-Oct-08 | $15.20 | $17.91 |
| 6-Oct-08 | $13.09 | $17.75 |
| 7-Oct-08 | $12.05 | $17.56 |
| 8-Oct-08 | $11.15 | $17.35 |
| 9-Oct-08 | $9.26 | $17.10 |
| 10-Oct-08 | $10.46 | $16.90 |
| 13-Oct-08 | $12.36 | $16.76 |
| 14-Oct-08 | $12.11 | $16.63 |
| 15-Oct-08 | $11.34 | $16.48 |
| 16-Oct-08 | $11.52 | $16.35 |
| 17-Oct-08 | $10.39 | $16.19 |
| 20-Oct-08 | $10.95 | $16.06 |
| 21-Oct-08 | $10.65 | $15.92 |
| 22-Oct-08 | $9.74 | $15.77 |
| 23-Oct-08 | $8.72 | $15.60 |
| 24-Oct-08 | $8.41 | $15.44 |
| 27-Oct-08 | $7.91 | $15.27 |
| 28-Oct-08 | $8.34 | $15.11 |
| 29-Oct-08 | $8.91 | $14.98 |
| 30-Oct-08 | $9.53 | $14.86 |
| 31-Oct-08 | $10.10 | $14.76 |

- 16 -

| Date | Closing Price | Average Closing Price |
|------|---------------|----------------------|
| 3-Nov-08 | $11.06 | $14.69 |
| 4-Nov-08 | $10.58 | $14.60 |
| 5-Nov-08 | $10.90 | $14.53 |
| 6-Nov-08 | $10.37 | $14.45 |
| 7-Nov-08 | $10.28 | $14.37 |
| 10-Nov-08 | $9.78 | $14.29 |
| 11-Nov-08 | $9.29 | $14.20 |
| 12-Nov-08 | $8.16 | $14.09 |
| 13-Nov-08 | $9.06 | $14.00 |
| 14-Nov-08 | $8.19 | $13.90 |
| 17-Nov-08 | $8.08 | $13.80 |
| 18-Nov-08 | $7.75 | $13.70 |
| 19-Nov-08 | $6.99 | $13.59 |
| 20-Nov-08 | $6.23 | $13.47 |
| 21-Nov-08 | $5.92 | $13.35 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees, and charges.

For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if such Class Member had a net loss, after all profits from transactions in Healthways securities during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

**VIII. ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT**

On April 2, 2010, the Court certified the Class, as defined above.

**IX. PARTICIPATION IN THE CLASS**

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice. If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the settlement in the Litigation against Defendants whether or not you file a Proof of Claim and Release form.

*If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release form if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel.* If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release must be postmarked on or before _____, 2010, and delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

**X. EXCLUSION FROM THE CLASS**

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

522206_1

*Healthways Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases of Healthways securities made during the Class Period, including the date of each purchase and the number of shares purchased. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2010. If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XI.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice. The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Class Members who have not previously validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons.

## XII.    APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 30% of the Settlement Fund, plus expenses, not to exceed $900,000, which were advanced in connection with the Litigation, plus interest thereon. Class Members are not personally liable for any such fees or expenses. In addition, Plaintiffs may seek reimbursement of their time and expenses, including lost wages, incurred in representing the Class. This amount will not exceed $15,000 in the aggregate.

- 19 -

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the members of the Class, nor have counsel been reimbursed for their expenses. The fee requested by Plaintiffs' Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of April 27, 2010.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and Plaintiffs' expenses may appear and be heard at the Settlement Hearing. Any such Person must submit and serve a written notice of objection, to be received on or before _____, 2010, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> MIDDLE DISTRICT OF TENNESSEE
> NASHVILLE DIVISION
> Estes Kefauver Federal Building and
>   United States Courthouse
> 801 Broadway
> Nashville, TN  37203

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Plaintiffs

JOHN L. LATHAM
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

Counsel for Defendants

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Healthways securities purchased during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

## XV.   SPECIAL NOTICE TO NOMINEES

If you hold or held any Healthways securities during the Class Period as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release form by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Healthways Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release form and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release form, upon submission of appropriate documentation to the Claims Administrator.

## XVI.  EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation.  For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building and United States Courthouse, 801 Broadway, Nashville, Tennessee 37203.

If you have any questions about the settlement of the Litigation, you may contact a representative of Lead Counsel: Robbins Geller Rudman & Dowd LLP, Rick Nelson, c/o Shareholder Relations, 655 West Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2010          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        MIDDLE DISTRICT OF TENNESSEE
                                        NASHVILLE DIVISION

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Todd J. Campbell Magistrate Judge Juliet Griffin |
| HEALTHWAYS INC., et al., | ) ) | PROOF OF CLAIM AND RELEASE |
| Defendants. | ) ) ) | EXHIBIT A-2 |

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the Class based on your claims in the consolidated action entitled *Beach v. Healthways Inc., et al.*, Civil Action No. 3:08-cv-00569 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2010, ADDRESSED AS FOLLOWS:

> *Healthways Securities Litigation*
> c/o Gilardi & Co. LLC
> Claims Administrator
> P.O. Box 5100
> Larkspur, CA 94977-5100

4. If you are NOT a Class Member (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

5. If you are a Class Member and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, REGARDLESS OF WHETHER YOU SUBMIT A PROOF OF CLAIM.

## II. DEFINITIONS

1. "Defendants" means Healthways, Inc. and the Individual Defendants.

2. "Individual Defendants" means Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor.

- 1 -

**3 4**

3.     "Related Parties" as to Healthways, Inc. or any subsidiary or division of Healthways, Inc. means each of that entity's past, present, or future directors, officers, employees, partners, members, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, underwriters, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, privies, related or affiliated corporations or entities, and any entity in which Healthways, Inc. or any of its subsidiaries or divisions has a controlling interest. "Related Parties" as to the Individual Defendants shall also include members of an Individual Defendant's immediate family, present or former spouses, heirs, executors, administrators, agents, insurers, reinsurers, attorneys, personal or legal representatives, successors, assigns, any entity in which an Individual Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly), and any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or members of his/her immediate family.

4.     "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.   CLAIMANT IDENTIFICATION

1.     If you purchased Healthways securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Healthways securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Healthways securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

- 2 -

PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE HEALTHWAYS SECURITIES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign the Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign the Proof of Claim on behalf of Persons represented by them and their authority must accompany the Proof of Claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in Healthways Common Stock" to supply all required details of your transaction(s) in Healthways common stock and Part III of this form entitled "Schedule of Transactions in Healthways Options" to supply all required details of your transaction(s) in Healthways put and call options. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to *all* of your purchases of Healthways common stock and/or options, which took place at any time between July 5, 2007 and August 25, 2008, inclusive (the "Class Period"), and *all* of your sales of Healthways common stock which took place at any time between July 5, 2007 and August 25, 2008, inclusive, and *all* of your sales of Healthways put and call options which took place at any time between July 5, 2007 and August 25, 2008, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of the Healthways common stock you held at the opening of trading on July 5, 2007, and as of the close of trading on August 25,

2008 and November 21, 2008. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction during the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Healthways securities. The date of a "short sale" is deemed to be the date of sale of Healthways securities.

5.      Copies of broker confirmations or other documentation of your transactions in Healthways securities should be attached to your Proof of Claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at _____ or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

*Beach v. Healthways Inc., et al.*
Civil Action No. 3:08-cv-00569

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:
_____, 2010

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Street Address


_____        _____
City                                                              State or Province


_____        _____
Zip Code or Postal Code                                     Country


_____        _____        Individual
Social Security Number or                                          Corporation/Other
Taxpayer Identification Number


_____        _____
Area Code                       Telephone Number (work)


_____        _____
Area Code                       Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:    SCHEDULE OF TRANSACTIONS IN HEALTHWAYS COMMON STOCK

A.   Number of shares of Healthways common stock held at the opening of trading on July 5, 2007: _____

B.   Purchases of Healthways common stock (July 5, 2007-August 25, 2008, inclusive):

| Trade Date<br>Month Day Year | Number of<br>Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT:  If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

_____    _____    _____

Month Day Year            Merger Shares             Company

C.   Sales of Healthways common stock (July 5, 2007-August 25, 2008, inclusive):

| Trade Date<br>Month Day Year | Number of<br>Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.   Number of shares of Healthways common stock held at the close of trading on August 25, 2008: _____

E.   Number of shares of Healthways common stock held at the close of trading on November 21, 2008: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

522518_1

# PART III. SCHEDULE OF TRANSACTIONS IN HEALTHWAYS OPTIONS

## PURCHASES/REPURCHASES

A.  I made the following purchase/repurchase of options on Healthways common stock during
the period from July 5, 2007 through August 25, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| Put / Call | M M  D D  Y Y | | M M  Y Y | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |

## SALES/WRITTEN

B.  I made the following sales/written options on Healthways common stock during the period
from July 5, 2007 through August 25, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| Put / Call | M M  D D  Y Y | | M M  Y Y | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |
| Put / Call | | | | | | |

- 7 -

If you require additional space, attach extra schedules in the same format as above. Sign and print

your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Healthways securities during the Class Period and know of no other person having done so on my (our) behalf.

## VI.  RELEASE

1.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge all Released Claims against the Released Persons.

2.  "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined in paragraph 3 below) and causes of action of every nature and description whatsoever, in law or equity, and regardless of upon what legal theory based, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed, contingent, or absolute, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed whether class and/or individual in nature that (a) Plaintiffs or any Class Member asserted, could have asserted, or in the future could or might have asserted in this Litigation against any of the Released Persons, or (b) that could have been asserted in this Litigation, or any

other action, court, tribunal, proceeding or forum by Plaintiffs and/or any Class Member against any of the Released Persons arising out of or relating in any manner to the purchase of Healthways securities during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act which were alleged or that could have been alleged in the Litigation.

3.     "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have by operation of the Judgment expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released,

- 10 -

43

any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Healthways securities which occurred during the Class Period as well as the amount of Healthways securities held by me (us) at the opening of trading on July 5, 2007, and at the close of trading on August 25, 2008 and November 21, 2008.

I declare under penalty of perjury that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                      (Month/Year)

in _____, _____.
        (City)                          (State/Country)

_____
                    (Sign your name here)

- 11 -

44

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your Proof of Claim for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

- 12 -

4 5

**EXHIBIT A-3**

46

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Todd J. Campbell Magistrate Judge Juliet Griffin |
| HEALTHWAYS INC., et al., | ) ) | SUMMARY NOTICE |
| Defendants. | ) ) ) | EXHIBIT A-3 |

TO:    ALL PERSONS WHO PURCHASED HEALTHWAYS, INC. ("HEALTHWAYS") SECURITIES BETWEEN JULY 5, 2007, AND AUGUST 25, 2008, INCLUSIVE.

YOU ARE HEREBY NOTIFIED that, pursuant to an Order of the United States District Court for the Middle District of Tennessee, Nashville Division, a hearing will be held on _____, 2010, at __:__ _.m., before the Honorable Todd J. Campbell, Chief United States District Judge, at the Estes Kefauver Federal Building and United States District Courthouse, 801 Broadway, Nashville, Tennessee 37203, for the purpose of determining: (1) whether the proposed settlement of the above-captioned Litigation for the sum of $23,600,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated May 21, 2010 (the "Stipulation"); (3) whether the Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses and the reimbursement of Plaintiffs' expenses incurred in connection with this Litigation.

If you purchased Healthways securities during the period beginning July 5, 2007 through August 25, 2008, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to the Claims Administrator:

> *Healthways Securities Litigation*
> c/o Gilardi & Co. LLC
> Claims Administrator
> P.O. Box 5100
> Larkspur, CA 94977-5100

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than _____, 2010, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the

Litigation unless you request to be excluded, in writing in the manner and form explained in the Notice, to the Claims Administrator at the above address, postmarked no later than _____, 2010.

Any objection to the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses must be filed with the Clerk of the Court at the address below no later than _____, 2010:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
Estes Kefauver Federal Building and
   United States Courthouse
801 Broadway
Nashville, TN 37203

and copies received by the following counsel no later than _____, 2010:

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Plaintiffs

JOHN L. LATHAM
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

Counsel for Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2010    BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    MIDDLE DISTRICT OF TENNESSEE
                                    NASHVILLE DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of May, 2010, the foregoing [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**George Edward Barrett**
**Douglas J. Johnston, Jr.**
**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
lbrock@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

**Robert J. Dyer , III**
**Jeffrey A. Berens**
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
303/861-1764
303/395-0393(Fax)
bob@dyerberens.com
jeff@dyerberens.com

**Marshall Dees**
**Corey D. Holzer**
**Michael I. Fistel, Jr.**
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338
770/392-0090
770/392-0029(Fax)
mdees@holzerlaw.com
cholzer@holzerlaw.com
mfistel@holzerlaw.com

**Wallace Wordsworth Dietz**
**Brian D. Roark**
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615/742-6200
615/742-7729 (Fax)
wdietz@bassberry.com
broark@bassberry.com

**Darren J. Robbins**
**Thomas E. Egler**
**Ellen Gusikoff Stewart**
**John J. Rice**
**Scott H. Saham**
**Jessica Shinnefield**
**Matthew I. Alpert**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
619/231-1058
619/231-7423 (Fax)
e_file_sd@rgrdlaw.com
tegler@rgrdlaw.com
elleng@rgrdlaw.com

**John L. Latham**
**Susan E. Hurd**
**Elizabeth P. Skola**
**Mark D. Trainer**
Alston & Bird, LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
404/881-7000
404/881-7777(Fax)
john.latham@alston.com
susan.hurd@alston.com
elizabeth.skola@alston.com
angie.knowles@alston.com
mark.trainer@alston.com

jrice@rgrdlaw.com
scotts@rgrdlaw.com
jshinnefield@rgrdlaw.com
malpert@rgrdlaw.com

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
631/367-7100
631/367-1173 (Fax)
srudman@rgrdlaw.com

**Ramzi Abadou**
Barroway Topaz Kessler Meltzer
  & Check, LLP
580 California Street, Suite 1750
San Francisco, CA 94104
415/400-3000
415/400-3001 (fax)
rabadou@gmail.com

**D Seamus Kaskela**
**David M. Promisloff**
Barroway Topaz Kessler Meltzer
  & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)
skaskela@btkmc.com
dpromisloff@btkmc.com

**Patrick J. O'Hara**
Cavanagh & O'Hara
407 East Adams Street
Springfield, IL 62701
217/544-1771
217/544-9894 (fax)
patrick@cavanagh-ohara.com

**Paul Kent Bramlett**
**Robert P. Bramlett**
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 21, 2010.

*s/ Ellen Gusikoff Stewart*
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: elleng@rgrdlaw.com