UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN RICHARD BEACH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:08-cv-00569 **(Consolidated)** |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge Todd J. Campbell Magistrate Judge Juliet Griffin |
| HEALTHWAYS INC., et al., | ) ) | ~~[PROPOSED]~~ ORDER PRELIMINARILY |
| Defendants. | ) ) ) | APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

521542_1

WHEREAS, a consolidated securities class action is pending before the Court entitled *Beach v. Healthways Inc., et al.*, Civil Action No. 3:08-cv-00569 (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated May 21, 2010 (the "Stipulation"), that has been entered into by Plaintiffs Central Laborers' Pension Fund and West Palm Beach Firefighters' Pension Fund (collectively, "Plaintiffs") and Defendants Healthways, Inc., Thomas G. Cigarran, Ben R. Leedle, Jr., Mary A. Chaput, Mary Hunter, Matthew Kelliher and Donald Taylor (the "Defendants," collectively with Plaintiffs, the "Parties"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the Parties, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise specified all capitalized or defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Central Laborers' Pension Fund ~~and West Palm Beach Firefighters' Pension Fund~~ as class representatives for the Class. Robbins Geller Rudman & Dowd LLP is hereby appointed as Lead Counsel for the Class.

2. The Court hereby preliminarily approves the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on **9|24**, 2010, at **2 p**.m., at the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building and United States Courthouse, 801 Broadway, Nashville, Tennessee 37203, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine whether the expenses of Plaintiffs should be reimbursed. The Court may adjourn the Settlement Hearing without further notice to Class Members.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **6|16** 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits

521542 1

A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort;

(b)  Not later than ten (10) days from the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

(c)  Prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.  The Defendants shall cause Healthways' transfer records to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Healthways securities during the Class Period as record owners but not as beneficial owners. Nominees who purchased Healthways securities for the benefit of another Person during the Class Period shall be requested to send the Notice and the Proof of Claim to all such beneficial owners within ten (10) days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7.  Any Person falling within the definition of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, unless such

Person requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall sign and mail the request in written form by first-class mail postmarked no later than __9|10__, 2010 [14 calendar days prior to Settlement Hearing] to the address designated in the Notice. Such request for exclusion shall clearly state: (a) the name, address, and telephone number of the Person seeking exclusion; (b) each of the Person's transactions in Healthways securities during the Class Period, including the date(s) of purchase or sale, the number(s) and type(s) of shares purchased and/or sold, and the price(s) paid or received for each such purchase or sale; and (c) that the Person requests to be excluded from the Class. Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

8. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than 10|25, 2010 [ninety (90) days from the Notice Date]. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

9. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending

final determination of whether the settlement should be approved, neither the Plaintiffs, nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11.     Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or the expenses of Plaintiffs reimbursed; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs or Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are filed with the Clerk of the United States District Court for the Middle District of Tennessee, Nashville Division, on or before 9|10, 2010 [14 days prior to Settlement Hearing]; and copies of said objections, papers, and briefs are also served upon Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101; and John L. Latham, Alston & Bird, LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or the expenses of Plaintiffs, unless otherwise ordered by the Court.

12.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All motions and papers in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees or expenses or Plaintiffs' expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing, and all reply papers in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

15.     Neither Defendants nor their Related Parties shall have any responsibility for, or liability whatsoever with respect to, notice procedures, the investment, administration, or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or processing of claims, the Net Settlement Fund or any funds held by the Escrow Agent, the payment or withholding of Taxes, any losses incurred in connection therewith, any application for attorneys' fees or expenses submitted by Lead Counsel, Plaintiffs, or Plaintiffs' Counsel, or any allocation of the Fee and Expense Award by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees and expenses shall be approved.

521542_1

17.     All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administration.

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

19.     If: (a) the settlement is terminated by Defendants pursuant to ¶7.6 of the Stipulation; or (b) any specified condition to the settlement set forth in the Stipulation is not satisfied and Lead Counsel or counsel for the Defendants elects to terminate the settlement as provided in ¶7.2 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

IT IS SO ORDERED.

DATED:  6-2-10

THE HONORABLE TODD J. CAMPBELL
CHIEF UNITED STATES DISTRICT JUDGE

521542_1